## MASTIN v. SLOAN *et al.*

**Prohibition.** The writ of prohibition should issue only in circumstances where the ordinary remedies are inadequate to the ends of justice. Where an appeal or writ of error furnishes a complete and effective remedy for any error of the inferior court, this extraordinary remedy should be denied.

### *Prohibition.*

WRIT DENIED.

PLAINTIFF is surety on a bond filed in the circuit court on the making of a temporary restraining order in the suit of Nolan, Adm'r, *v.* Jones. The principal in the bond is Nolan as administrator, plaintiff in that proceeding. The temporary injunction was dissolved. Defendant Jones then filed a motion for an assessment of damages upon the bond (sustained by reason of the restraining order) in pursuance of the Missouri statute. ( R. S. 1879, sec. 2712.) That motion is now pending in the trial court.

During the proceedings the circuit court made certain orders, the purpose of which was to substitute one Bell, administrator, as plaintiff in the stead of Nolan, administrator. The particulars of these orders are not now material here. The court's action in that regard is claimed by Mastin (the present petitioner for a writ of prohibition) to have had the effect of terminating the jurisdiction of the trial court over the pending motion for damages on the injunction bond. The contention is that the original suit has abated and that the court should be prohibited from proceeding further with it.

*Boggess & Moore* and *T. A. Frank Jones* for petitioner.

*Graves & Aull* and *J. D. Shewalter contra.*

BARCLAY, J.—This is plainly no case for the issue of a writ of prohibition. Should the trial court enter a finding and judgment for damages against petitioner and the other sureties on the injunction bond, any one of them aggrieved may review that result by appeal or writ of error on taking proper steps to that end. Any error that court may make in determining the proper limits of its jurisdiction in the premises can be effectively corrected by any of the usual modes of reviewing judgments. The writ of prohibition should issue only in circumstances where the ordinary remedies are inadequate to the ends of justice. Where, as here, an appeal or writ of error furnishes a complete and effective remedy for any error of the court below, prejudicial to the rights of a party, this extraordinary remedy should be denied. That will be the order here. The other judges, except SHERWOOD, J., absent, concur.