THE STATE v. WILLIAMS, Appellant.

Division Two, November 7, 1898.

1. **Practice:** EXCEPTIONS AT PRIOR TERM. Exceptions in a criminal case can not be inserted in a bill of exceptions at a term subsequent to that at which they were taken.

2. ————: REMARKS OF ATTORNEY: HOW PRESERVED. Remarks of a prosecuting attorney in arguing to the jury can not be preserved for consideration on appeal in affidavits or the motion for new trial.

3. **Larceny:** VENUE: TRANSFERRING STOLEN GOODS TO ANOTHER COUNTY. Where a thief stealing a steer transports it into another county, the venue of the theft is properly laid in the latter county, as each transportation of stolen property from one county to another is a fresh theft.

4. **Judgment:** SETTING ASIDE AT SUBSEQUENT TERM. A judgment of conviction can not be set aside at a term subsequent to that at which it was rendered, on the ground that a witness for the prosecution was guilty of perjury.

*Appeal from Pulaski Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

ROBERT LAMAR, C. H. DAVIS and FRANK H. FARRIS for appellant.

(1) The witness, James Shelton, being a co-defendant, jointly indicted for the same offense, was not subject to cross-examination except as to matters referred to in his direct examination. R. S. 1869, sec. 4218; State v. Chamberlain, 89 Mo. 129; Kelley's Crim. Law [2 Ed.], sec. 269. (2) The court should have granted defendant a new trial. The conduct of the State's counsel, W. H. Murphy, in reading the whole indictment to the jury, and then saying: "Both parties are not·on trial; they have asked, and the court has

granted them, a severance. There could be but one purpose in it, it is but one transaction, one stealing. There could be but one purpose of the severance; that is, that Shelton could swear Williams out, and then Williams could swear Shelton out." State v. Mahley, 68 Mo. 315; State v. King, 64 Mo. 591; State v. Lee, 66 Mo. 165; State v. Reed, 71 Mo. 200; State v. Jackson, 95 Mo. 623; State v. Young, 99 Mo. 666; State v. Moxly, 102 Mo. 374; State v. Wollard, 111 Mo. 248; State v. Warford, 106 Mo. 55. (3) The defendant offered to show on the hearing of the motion to quash, and the evidence did show, on the trial that the alleged taking, if any, occurred in Texas county; that defendant was arrested in that county on the same charge, and after being examined by a magistrate, discharged. That the grand jury of said county failed to find an indictment against him, and then the prosecutors bethought themselves of Pulaski county as a forum to which they could resort. It can not certainly be the law, that a man can, after repeated examination, and repeated discharge, be harrassed by prosecutions for the same offense, in every county in the State. (4) After witness Satterfield had admitted that he committed perjury, and had made affidavit that his testimony was wholly false, the court should have set aside the order granting an appeal, and granted a new trial. He overruled this motion on the sole ground that he had no jurisdiction to make such an order. The appeal was not perfected until the bill of exceptions had been filed. Hicks v. Hoos, 44 Mo. App. 571; Jacobs v. Insurance Co., 61 Mo. App. 572; Land Co. v. Martin, 125 Mo. 115.

Edward C. Crow, Attorney-General, Sam. B. Jeffries, Assistant Attorney-General, and W. W. Graves for the State.

(1) (a) The defendant first contended that the trial court erred in refusing to hear and receive certain evidence

upon defendant's motion to quash the indictment. The record shows that these alleged exceptions to the action of the trial court in refusing to hear the testimony offered upon the motion to quash, were had and taken at the March term, 1897, of the court. The record then shows that nothing further was done in said cause until the September adjourned term, 1897, when the other exceptions contained in the bill of exceptions were had and taken. No bill of exceptions was filed at the March term preserving the exceptions so taken at that term, and no order was made by the court granting defendant leave to file a bill, preserving said exceptions at a later date. This being true, these alleged exceptions are improperly set out in the bill of exceptions herein and can not be considered by the court. R. S. 1889, sec. 2168; Jones v. Evans, 80 Mo. 565; Kennedy v. Seimers, 120 Mo. 73; Wentzville Tob. Co. v. Walker, 123 Mo. 662; State v. Ware, 69 Mo. 333; Keen v. Schneiler, 92 Mo. 516; State v. Taylor, 134 Mo. 109; State v. Britt, 117 Mo. 584; Dorman v. Conn., 119 Mo. 68. (b) We admit that an indictment found without hearing any testimony by the grand jury should be quashed upon motion where the evidence shows that it was so found. We also admit that the prosecuting attorney is a competent witness to testify as to this fact, but in this case the record shows that the witness, W. D. Johnson, by whom defendant said that he offered to show the fact, made the statement to the court, and in open court, that the jury did hear testimony before finding the indictment. (c) The return of a bill ignoramus or a failure to indict does not operate as a bar to the prosecution. U. S. v. Martin, 50 Fed. Rep. 918; State v. Boswell, 104 Ind. 541; State v. Collis, 73 Ia. 542; State v. Lambert, 9 Nev. 323; 10 Ency. Plead. and Prac., p. 385; State v. Branch, 68 N. C. 186; State v. Harris, 91 N. C. 656; State v. Brown, 81 N. C. 568; U. S. v. Simmons, 46 Fed. Rep. 65. (2) The examination of James Shelton is set out in appellant's printed abstract, and

an examination thereof will show that the cross-examination did not go beyond that permitted by the more recent rulings of this court. State v. Avery, 113 Mo. 475; State v. Kennade, 121 Mo. 405; State v. Fitzgerald, 130 Mo. 407; State v. Harvey, 131 Mo. 339. (3) The remarks of Murphy, if made, were justified by the record in this case. In other words, the record revealed the fact that there was a severance, and it is always competent to refer in a legitimate way to what is apparent upon the face of the record. These remarks are but legitimate arguments upon what was within the purview of the record. State v. Young, 105 Mo. 634; State v. Emery, 79 Mo. 461. But even if the remarks were prejudicial, and even if they were such as to justify a reversal, this court can not consider the same for the reason that the record nowhere discloses the fact that the defendant excepted to the action of the court in overruling his objections to the remarks. State v. Reed, 89 Mo. 168; Smith v. Dunklin Co., 83 Mo. 195; Sampson v. Railroad, 57 Mo. App. 308; Sawyers v. Drake, 34 Mo. App. 472. These alleged remarks of counsel appear nowhere in the bill of exceptions proper, but only in the motion for new trial and the affidavits of the counsel to said motion for new trial. Such remarks can not be preserved by affidavits to the motion for new trial. Roeder v. Studt, 12 Mo. App. 566; State v. Duncan, 116 Mo. 288; State v. Levy, 126 Mo. 554; State v. Jackson, 126 Mo. 521. (4) The evidence shows that the defendant did assist in driving the stolen steer into the county and was the party who stole the animal. This gave the jurisdiction to the grand jury of Pulaski county. R. S. 1889, sec. 3988; State v. Jackson, 86 Mo. 18; State v. McGraw, 87 Mo. 161. (5) Appellant's motion to set aside the order granting an appeal and to grant him a new trial, filed at the March term, 1898, should not have been sustained. Defendant was tried and convicted in October, 1897, and the judgment and sentence

were rendered against him at·that time.   The affidavit for an appeal and the order of the court granting him an appeal was at the October term of said court.   The court had no jurisdiction to entertain such motion after an appeal had been granted at a previous term.   In fact the court had no control over the judgment rendered against defendant after the term had passed, at which term said judgment was rendered.   1 Am. and Eng. Ency. of Law [1 Ed.], 627.

SHERWOOD, J.—A steer stolen in Pulaski county forms the basis of the present prosecution; and because defendant was convicted of such theft he comes up to this court and makes inquiry whether he was legally convicted.

1.   It is firmly established by our rulings that matter excepted to at one term of court must be *adtunc et ibidem* saved by a bill of exceptions filed at such term, and can not at a subsequent term be "warmed over" by being inserted in a bill of exceptions filed at such subsequent term.   [State v. Taylor, 134 Mo. 109; State v. Ware, 69 Mo. 332, and other cases.]   For this cause it is that exceptions taken at the March term, 1897, and not preserved at such term as aforesaid, could not at the September adjourned term, 1897, have a place in the bill of exceptions filed at that term, and should not have been inserted therein.

2.   The cross-examination of James Shelton (indicted with defendant and afterwards severed from him) was in accord with prior decisions of this court.   [State v. Avery, 113 Mo. 475, and subsequent cases.]

3.   As to the remarks of Murphy made in his closing argument to the jury, it is enough to say that the fact that they appear in the motion is no evidence that they appear in the bill of exceptions, nor do they so appear in such bill, the only place where such matters can be preserved.   They can not be preserved in affidavits. nor in motion for new trial.   [State v. Levy, 126 Mo. 554; State v. Clark, page 20 of this volume.]

State v. Williams.

4. It does not matter that the steer was first stolen in Texas county and afterwards taken into Pulaski county, inasmuch as each transportation of stolen property from one county to another is a fresh theft. The venue of the theft was, therefore, properly laid in Pulaski county. [State v. Smith, 66 Mo. 61; State v. Ware, 62 Mo. 597, etc., etc.] This was the rule at common law, and our statute on the subject is but declaratory of that rule.

5. There was ample evidence on which to convict defendant, and there is no ground of objection on that score.

6. The judgment in this cause was rendered in October, 1897. At the same term defendant took an appeal. At the March term, 1898, but before the bill of exceptions was filed, defendant filed a motion to set aside the order granting an appeal and to grant him a new trial. This motion was based on the affidavit of Satterfield, that he, a witness against defendant, had committed perjury at the trial. After the term at which the judgment was rendered, it was beyond the power of that court to set that judgment aside.

But even if Satterfield had committed perjury, still the testimony of Laughlin would have remained. But whether this was so, or not so, the court had no power to grant the motion.

Judgment affirmed. All concur.