THE STATE ex rel. CAMERON L. ORR, Prosecuting Attorney, v. RALPH S. LATSHAW, Judge of Criminal Court of Jackson County.

In Banc, February 9, 1922.

1. **PROHIBITION: Jurisdiction: Remedy by Appeal.**   The abstract proposition that a writ of prohibition will not be granted where adequate relief can be had by appeal or writ of error has no application where the paramount issue is the question whether the inferior court has jurisdiction over the subject-matter.

2. ———: ———: **To Arrest Judgment.**   If the trial court lacked jurisdiction at a subsequent term to arrest its judgment in a criminal case, or assumed authority in excess of its jurisdiction, prohibition is the proper remedy; otherwise, the writ will not lie.

3. ———: **Denial of Writ: Rule 13.**   The time for a respondent to invoke Rule 13 of the Supreme Court as a ground for denying a writ of prohibition is upon the filing by relator of his application

for the writ, notice having been given to respondent, or upon the entry of his appearance; otherwise, the court, having waived the rule and assumed jurisdiction, will continue with the cause.

4. ———: Jurisdiction of Supreme and Circuit Court. Notwithstanding the fact that the Constitution provides that the circuit court shall exercise a superintending control over criminal courts, and the statute says that circuit courts shall have power to hear and determine proceedings in prohibition, the Supreme Court, having by the Constitution been given a general superintending control over all inferior courts, and to issue other remedial writs and to hear and determine the same, has concurrent jurisdiction with circuit courts to issue writs of prohibition to restrain the judge of a criminal court from exercising a power in excess of its jurisdiction.

5. ———: Jurisdiction: To Arrest Judgment. No motion for a new trial having been filed at the term at which defendant entered a plea of guilty and judgment was entered, a motion to set aside said judgment on the ground that it was obtained through a signed confession which was extorted from him by threats and bodily injuries inflicted upon him by the police, filed at a subsequent term, cannot be sustained. The term at which the judgment was entered having expired, any order arresting the judgment, made, under such circumstances, at a subsequent term, is in excess of and beyond the powers of the court.

6. ———: ———: ———: Writ of Error Coram Nobis: Knowledge of Facts. While the writ of error *coram nobis* will lie to correct errors of fact, which, if before the court at the time defendant entered his plea of guilty, would have prevented the court from entering a judgment against him, it will not authorize the court at a subsequent term to set aside the judgment, if the defendant at or before the trial knew the fact complained of, or by the exercise of reasonable diligence might have known it, or was otherwise negligent. So that where judgment adjudging defendant guilty of a felony, based on a plea of guilty, was entered at one term, a motion in the nature of a writ of error *coram nobis* to set aside said judgment, filed at a subsequent term, in which he nowhere alleges that he was not guilty as charged, but alleges that his plea was based on a signed confession, extorted from him by threats and bodily injuries inflicted by the police, cannot be sustained, because the coercion and bodily injuries were all known at the time he entered his plea.

7. ———: ———: ———: Statute: Motion. Section 4081, Revised Statutes 1919, authorizing the court to arrest a judgment in a criminal case, without motion, where (1) the facts charged do

not constitute a public offense or (2) the verdict is insufficient to sustain a judgment, does not authorize the court to arrest the judgment at a subsequent term for either of said causes, where all the facts stated in the motion therefor were known to the defendant at the time he entered his plea of guilty and judgment was entered against him. Nor can such motion be considered as in the nature of a writ of error *coram nobis*, for the reason that the causes for which a judgment may be arrested, as contemplated by said statute, are errors apparent on the face of the record, and not errors of fact *dehors* the record, and for the further reason that it is not the function of the writ of error *coram nobis* to correct any matter known to the court, since such would be an error at law, and might be corrected by writ of error.

*Held*, by HIGBEE, J., concurring, that if the confession upon which defendant's plea of guilty was based was extorted by duress, his remedy is in equity.

## Prohibition.

WRIT GRANTED.

*Cameron L. Orr pro se.*

(1)    When a court undertakes to act in excess of its jurisdiction, prohibition is the proper remedy. State ex rel. v. Gates, 190 Mo. 553; State ex rel. v. Ross, 122 Mo. 464; State ex rel. v. Weithaupt, 238 Mo. 155; State ex rel. v. Seehorn, 246 Mo. 585; State ex rel. v. Board of Trustees, 268 Mo. 168. (2)    The information in the case of State v. Hammer was in proper form and charged a crime in the language of the statute. After judgment and sentence, it cannot be assailed for reasons which might have been good if raised by a motion to quash before judgment. State v. Lawson, 239 Mo. 591; State v. Runzi, 105 Mo. App. 327; State v. Brannan, 206 Mo. 640; 16 Corpus Juris, p. 401, 403. (3)    After the close of the term of the Criminal Court of Jackson County, at which term judgment was entered and sentence given in the case of State v. Hammer, it was beyond the power of, and in excess of respondent's jurisdiction, to set that judgment aside, or interfere with it in any manner. State v. Williams, 147 Mo. 19; 16 C. J. 1326; United States v. Mayer, 235 U. S. 55; Salem v. People, 41 Colo. 317;

People v. Wilmot, 254 Ill. 554; State v. Dalton, 109 Tenn. 544; State ex rel. v. Walls, 113 Mo. 42; State ex rel. v. Ellison, 267 Mo. 321.

*Ralph S. Latshaw,* respondent.

(1) Prohibition will not be granted where adequate relief can be had on appeal or writ of error. Sec. 4099, R. S. 1919; State ex rel. U. Ry. Co. v. Southern Ry. Co., 100 Mo. 59; State ex rel. Johnson v. Withraw, 108 Mo. 1; State ex rel. Alderson v. Moehlenkamp, 133 Mo. 134; State ex rel. v. Evans, 184 Mo. 632; State ex rel. Holtcomp, 245 Mo. 669; In re Breck, 252 Mo. 327; 19 Am. & Eng. Ency. Law, 256. (2) The effort to invoke prohibition to accomplish this review is an evasion of and in violation of Rule 32 of this court which says that "No original remedial writ except *habeas corpus,* will be issued by this court in any case wherein adequate relief can be afforded by an appeal or writ of error, or by application for such writ to a court having in that behalf concurrent jurisdiction." Relator's application for writ of prohibition herein again and further violates Rule 32 of this court wherein it is provided that no original remedial writ except *habeas corpus* will be issued by this court in any case where adequate relief can be had by application for such writ to a court having in that behalf concurrent jurisdiction. "The circuit court shall exercise a superintending control over criminal courts." Sec. 23, Art. VI. Constitution of Missouri; Sec. 2058, R. S. 1919. Under this section of the Constitution, writs of *certiorari,* mandamus and prohibition are issuable by the circuit court in the exercise of superintending control over criminal courts in this State. State v. Daniels, 66 Mo. 192. State ex rel. v. Laughlin, 73 Mo. 443; St. Louis County Court v. Sparks, 10 Mo. 117; State v. Daniels, 66 Mo. 192; State ex rel. v. Edwards, 162 Mo. 660; State ex rel. v. Mosmam, 231 Mo. 474. (3) Sec. 4081, R. S. 1919, is declaratory of the common-law writ of *coram nobis* and relief thereunder does not expire with the trial term.

Ex parte Gray, 77 Mo. 160; Cross v. Goult, 131 Mo. App. 585; 5 Ency. Plead. & Prac. 26, 27; Powell v. Gott, 13 Mo. 329; Craig v. Smith, 65 Mo. 536; Latshaw v. McNees, 50 Mo. 384; Ex parte Page, 49 Mo. 291; State ex rel. v. Riley, 219 Mo. 681; Shuck v. Lawton, 249 Mo. 175; State v. Dale, 282 Mo. 669; Gould v. United States, U. S. Adv. Aps. 1920-1921, 311; Weeks v. United States, 232 U. S. 383, 58 L. Ed. 652.

ELDER, J.—This is an original proceeding for a writ of prohibition. Relator is the Prosecuting Attorney of Jackson County, and respondent is Judge of Division No. 1 of the Criminal Court of Jackson County. The remedy sought is to prevent respondent from arresting and setting aside a judgment and sentence entered in a cause entitled, "State of Missouri v. Wilbur J. Hammer," begun in the aforesaid criminal court. Upon the filing of the petition a preliminary rule was granted as prayed. Respondent made no return, but has entered his appearance, and filed a statement, brief and argument in which it is conceded that relator's statement of the record in the said cause is substantially correct.

Briefly, the facts are as follows: On August 26, 1921, at the April term, 1921, of the Criminal Court of Jackson County, relator filed an information against one Wilbur J. Hammer, charging him with the "detestable and abominable crime against nature." On the same day said Hammer, being arraigned, entered a plea of guilty to the said charge, before respondent, who accepted the said plea and sentenced him to a term of five years in the State Penitentiary. According to the record no motion for new trial or in arrest of judgment seems to have been filed during the said April term, 1921. Thereafter, on the 25th day of October, 1921, after the expiration of the April term, and during the September term, 1921, of said criminal court, the said Hammer filed a motion to set aside the sentence imposed, and to grant him a new trial, which motion is as follows:

"Comes now the above named defendant, and moves the court to set aside the sentence in said cause and grant a new trial for the following reasons:

"That said conviction and sentence was obtained by the police by unfair means, such as brutality, infliction of bodily injuries, threats to give defendant 'worse than, Chester got,' and coercion, on the part of one Antone Mouritson of the poilce department, in compelling defendant to sign his name to a purported confession made up by the said police, who refused to permit defendant to read same; that if said alleged confession contains any statements involving this defendant in degeneracy or the commission of the crime against nature, at any time, defendant repudiates same; and if said sentence is set aside, as recommended by Judges Buckner, Porterfield, Pence, Hall, Lucas, Southern, Johnson and Landon of the Parole Board, without dissenting voice, and this defendant is given a fair trial, it will be impossible for the police to fasten the crime upon him with which he is charged; that while still covered with bruises from the fists and shoes of said Antone Mouritson, a police officer, and with a great patch of bruise on his face, the defendant was led before the Hon. Judge of Division 1 of this court, by the said police, and asked if said statement contained defendant's signature, which signature defendant could not truthfully deny; and that on account of ignorance and inexperience in such matters, and with the police threats hanging over him, and without counsel, the defendant was afraid to deny or to make known that same had been obtained by unfair means."

On October 26, 1921, the said motion was taken up and submitted to respondent, who made the following order, to-wit:

"State versus Wilbur J. Hammer.

"Motion for new trial filed by the defendant overruled. because not filed in time.

"The court of its own motion, as directed in Section 4081, Revised Statutes 1919, arrests the judgment in this case for the reasons:

"First.   That the facts stated do not constitute a public offense in that the information filed herein does not inform the defendant of the nature and cause of the accusation as provided by Section 22, Article 2, of the Constitution of Missouri, in that no names of witnesses , were made a part of said information by indorsement thereon, and said information does not apprise the defendant of the name of the party with whom he is alleged to have committed said offense, when the prosecuting attorney had information from the alleged confession as to who said party was.

"Second.   That the verdict is insufficient to sustain a judgment because of the matters hereinbefore mentioned, and that no *corpus delicti* has been proven and that the confession submitted as evidence is shown to the court not to have been a free and voluntary admission of the defendant.

"Wherefore, the court being duly advised, arrests the judgment in said cause, and being of the opinion that there is reasonable cause to believe that the defendant can be convicted of an offense if properly charged, the court orders defendant to be recommitted to answer to a new information and inasmuch as the prosecuting attorney desires to apply to the Supreme Court for a writ of prohibition herein, the court withholds entry hereof until the 10th day of November, 1921, to allow the prosecuting attorney an opportunity to apply for a writ of prohibition herein."

Relator, alleging that the purpose and intention of respondent is in excess of his jurisdiction, has applied to this court for our writ of prohibition to prevent respondent from assuming jurisdiction and carrying into effect the order so made.


I.   Respondent contends that the writ of prohibition will not be granted where adequate relief can be had on appeal or writ of error.  As an abstract proposition of law **Remedy.** this doctrine is not to be questioned.  However, it has no application in the case at bar.  Here

the paramount issue is the question of respondent's jurisdiction. If he had jurisdiction to set aside the judgment and sentence pronounced against Hammer, then an appeal or writ of error might lie. But the authorities cited by respondent are not pertinent to the real question involved. Section 4099, Revised Statutes 1919, cited by respondent, assumes that the court has jurisdiction to arrest the judgment. Or, if it be viewed from the angle of an appeal, it contemplates that the appeal be prayed for by the prosecuting attorney. Clearly it is not relevant. The remaining authorities cited all relate to controversies wherein the trial court had jurisdiction of the subject-matter of the action, and lay down the rule that prohibition will not lie to prevent the exercise of such jurisdiction.

However, if respondent lacks jurisdiction, or assumed authority in excess of his jurisdiction, prohibition is the proper remedy. [State ex rel. Tuller v. Seehorn, 246 Mo. l. c. 585; State ex rel. Judah v. Fort, 210 Mo. l. c. 525; State ex rel. Knisely v. Trustees of Y. W. C. A., 268 Mo. l. c. 168; State ex rel. McCurdy v. Slover, 126 Mo. l. c. 655; State ex rel. United Rys. Co. v. Wiethaupt, 238 Mo. 155.] As expressed in State ex rel. Tuller v. Seehorn, supra, "it is the recognized law of prohibition that the writ will lie to prevent the exercise of judicial power in a case where there is a want of jurisdiction in the court to exercise any judicial authority, or where the court is acting in excess of its jurisdiction in a case rightfully before it."

Bearing this well established principle in mind, we shall proceed, in paragraph III following, to discuss the question of respondent's jurisdiction. Before so doing, however, we feel called upon to dispose of another point raised by respondent, which we shall next consider.

II. Respondent claims that the granting of the writ of prohibition will be violative of our Rule 32, of Section 23 of Article VI of the Constitution of Missouri, and of Section 2058, Revised Statutes 1919, urging that the cir-

cuit court has the exercise of superintending control over criminal courts of this State.

With respect to our Rule 32, the time for respondent to have invoked that as a reason for the denial of the writ was upon the filing of relator's application for the writ, notice of which was given respondent and received by him, or upon the entry of his appearance herein. This court having waived the rule, and having assumed jurisdiction and issued the preliminary writ, we shall continue with the cause.

Section 23 of Article VI of the Constitution provides that the circuit court shall exercise a superintending control over criminal and other designated courts. Section 2058, Revised Statutes 1919, provides in part that circuit courts, within their several jurisdictions, shall have power to hear and determine proceedings in prohibition. The said section, however, also extends the same power to this court. Moreover, Section 3 of Article VI of the Constitution provides that: "The Supreme Court shall have a general superintending control *over all inferior courts.* It shall have power to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari and other original remedial writs,* and to hear and determine the same." (Italics ours.). That the Supreme Court has power to issue writs of prohibition needs no citation of authority. An that it has power concurrent with the circuit courts, irrespective of the board powers conferred by Section 3 of Article VI of the Constitution, clearly appears from Section 2058, Revised Statutes 1919.

The point made is wholly without merit and is ruled against respondent.

III. With respect to the question of jurisdiction, relator contends that after the close of the April term, 1921, of the Criminal Court of Jackson County it was beyond the power of respondent, and in excess of his jurisdiction, to set aside the judgment and sentence entered in the case against Hammer. This insistence is well supported by authority. [State v. Williams, 147 Mo. 14, l. c. 19; State

ex rel. Brown v. Walls, 113 Mo. 42; State ex rel. Logan v. Ellison, 267 Mo. l. c. 327; 16 C. J. p. 1326, sec. 3117; Saleen v. People, 41 Col. 317; People v. Wilmot, 254 Ill. 554; United States v. Mayer, 235 U. S. 55; State v. Dalton, 109 Tenn. 544.] Thus in State v. Williams, supra, where defendant had been convicted and at a subsequent term filed a motion for a new trial, supported by an affidavit of a witness who stated that he had committed perjury at the trial, this court held that "after the term at which the judgment was rendered, it was beyond the power of the court to set that judgment aside."

Respondent urges, however, that Section 4081, Revised Statutes 1919, is declaratory of the common law writ of error *coram nobis* and relief thereunder does not expire with the trial term.

Section 4081 is as follows: "The court may also, on its view of any of these defects, arrest the judgment without motion." The "defects" mentioned have reference to the causes for which judgment may be arrested on motion of defendant, as contemplated by Section 4080, preceding, which causes are: 1. That the offense is not within the jurisdiction of the court. 2. That the facts stated do not constitute a public offense. 3. That the verdict is insufficient to sustain a judgment. As shown by the record it was upon the ground of the two causes last mentioned that the respondent made the order complained of.

The motion to set aside the sentence and for a new trial filed by Hammer is predicated upon the fact that his conviction was obtained through a signed confession, extorted by threats and bodily injuries inflicted by the police. When arraigned before respondent he entered a plea of guilty. The motion filed by him nowhere alleges that he was not guilty as charged in the information. From the face of the motion, however, it appears that the threats made by the police, the coercion exerted, and the bodily injuries sustained, were all known to Hammer at the time he entered his plea of guilty. While the writ of error *coram nobis* will lie to correct errors of fact which,

if before the court, would have prevented the adjudication, nevertheless, it will not lie where the applicant, at the time of or before the trial, knew the fact complained of, or by the exercise of reasonable diligence might have known it, or was otherwise guilty of negligence. [Reed v. Bright, 232 Mo. l. c. 411; Jeude v. Sims, 258 Mo. l. c. 42; State v. Stanley, 225 Mo. l. c. 532; Karicofe v. Schwaner, 196 Mo. App. l. c. 572; Hadley v. Bernero, 103 Mo. App. l. c. 563; Marble v. Vanhorn, 53 Mo. App. 361.] Therefore, as Hammer had knowledge of the facts complained of, at the time he was arraigned and plead guilty, his motion cannot be considered as a motion in the nature of a writ of error *coram nobis*. It consequently follows that the order of respondent, setting aside the judgment and sentence against him, cannot be sustained upon the theory that the proceeding was one in the nature of a writ of error *coram nobis*. Nor can it be upheld upon the theory that Section 4081, under which respondent assumes to have acted, is declaratory of the common law writ, for the reason that the causes for which a judgment may be arrested, as contemplated by said section, are errors apparent upon the face of the record. [State v. Gamma, 215 Mo. l. c. 104.] And it is not the function of the writ of error *coram nobis* to correct any matter known to the court, for such would be error of law, and might be remedied by writ of error. [Reed v. Bright, 232 Mo. l. c. 411; State v. Stanley, 225 Mo. l. c. 533.] Accordingly, any motion in the nature of a motion in arrest must have been filed before the end of the April term, 1921. [Sec. 4082, R. S. 1919.]

Entertaining the views above indicated, we are therefore of the opinion, and so hold, that respondent was without jurisdiction to set aside the judgment and sentence pronounced during the April term, 1921, It follows that the preliminary rule should be made absolute.

It is so ordered. *James T. Blair, C. J.,* and *Graves* and *Walker, JJ.,* concur; *Higbee, J.,* concurs in separate opinion; *David E. Blair, J.,* not sitting; *Woodson, J.,* absent.

HIGBEE J. (concurring).—I concur in the majority opinion. If the confession was extorted by duress, the remedy is in equity. [Simms v. Thompson, 291 Mo. 493.]