STATE OF MISSOURI AT THE RELATION OF CHARLES FOWLER ET AL., RELATORS, v. HON. CHARLES A. CALVIRD, JUDGE, RESPONDENT.— 93 S. W. (2d) 1106.

Kansas City Court of Appeals.   May 4, 1936.

■■■

■■■

■■■

*Silver & Raines* for relators.

*W. E. Owen, Floyd L. Sperry, Haysler A. Poague* and *James A. Parks* for respondent.

REYNOLDS, J.—This is an original proceeding in this court by which relators seek our writ of prohibition permanently prohibiting the respondent, The Honorable Chas. A. Calvird, Jr., Judge of the Circuit Court of Henry County, from the enforcement of a judgment for debt and costs in the sum of $1154.50 entered against them in said court by him as judge thereof on November 7, 1935, purporting to be in a certain cause which had, at one time prior thereto, pended in said court, wherein relators were plaintiffs and Earl E. Swift et al., defendants.

The relators' petition in this cause was filed on November 29, 1935. On December 9, 1935, our preliminary writ was issued on such petition, requiring the respondent to appear on January 6, 1936, and show cause why our permanent writ should not issue, prohibiting him permanently from exercising jurisdiction in such cause to enforce such judgment and from taking any other or further steps or proceedings in said cause.

From the petition, the following facts appear well pleaded: That the respondent, The Honorable CHAS. A. CALVIRD, JR., is and was at all times mentioned in such petition a judge of the Circuit Court of Henry County, Missouri; that there had been pending in said court before respondent as judge thereof a certain cause in which the relators herein were plaintiffs and Earl E. Swift et al. were defendants; that, at the September, 1935, term of said court, these relators (the plaintiffs in said cause) filed a motion therein to quash the jury panel, which motion was by the court at said September term and on September 13, 1935, overruled; that thereafter, at said September term, these relators (plaintiffs in said cause) filed an application therein for a change of venue of the same on account of the bias and prejudice of the respondent judge; that, upon due notice to the defendants in said cause, the application for change of venue was presented to the court and to respondent as judge thereof and by him sustained on September 30, 1935, during said September term, and change of venue in said cause at said date and term was

made to the Circuit Court of Johnson County, Missouri, and entry of record on said date was accordingly made in such behalf and the clerk of the court by entry of record on said date and at said term was ordered to make a full, true, and complete transcript of the record and proceedings had in said cause in such behalf and to certify the same under the seal of the court to the clerk of the Circuit Court of Johnson County; that thereafter, on October 2, 1935, the transcript of the record and the files in said cause were certified by the clerk of the Circuit Court of Henry County to the clerk of the Circuit Court of Johnson County, where said cause was duly docketed in the latter court and is still pending therein; that, afterward, on November 7, 1935, and during the September term, 1935, of the Circuit Court of Henry County, the defendants in said cause filed with the clerk of the Circuit Court of Henry County, Missouri, a motion entitled in said cause moving the Henry County Circuit Court to tax the costs incurred upon the motion to quash the jury panel against the plaintiffs in said cause (the relators herein); that thereupon, on November 7, 1935, the respondent as judge of the Circuit Court of Henry County undertook to exercise jurisdiction in said cause after it had been transferred from the Circuit Court of Henry County by change of venue, and undertook to sustain said motion to tax costs, and by order of record taxed the costs against the plaintiffs in said cause who filed the motion to quash the jury panel, and caused to be entered upon the judgment record of the court an entry showing that judgment had been rendered against the plaintiffs therein (the relators herein) in the sum of $1154.50 for debts and costs; that said cause in which said entries were made was not for debt but was a cause wherein a certain will was sought to be contested; that thereafter, on November 25, 1935, during said September term, 1935, these relators *ex parte* filed a motion in said Circuit Court of Henry County, Missouri, seeking to have the action of the court in sustaining said motion and taxing costs against the plaintiffs and in entering judgment against the plaintiffs in the sum of $1154.50 set aside for lack of jurisdiction in the court and in respondent as judge thereof to entertain such motion and to render such judgment after the change of venue in said cause had been awarded; and that, on said date, the relators' motion to set aside said judgment against them was by respondent overruled.

Relators herein by their petition challenge the judgment so entered by the Circuit Court of Henry County and the respondent as judge thereof, in said cause which had been pending in such court, wherein they were plaintiffs and Earl E. Swift et al., defendants, as having been made without any jurisdiction in the court or the judge thereof so to do and after said court and the respondent as judge thereof had been divested of jurisdiction in said cause by the order transferring the cause on change of venue to the Circuit Court of

Johnson County and seek our permanent writ of prohibition to prohibit respondent from enforcing said judgment by execution or otherwise.

Relators further allege in their petition that the action of the respondent in ordering the entry in the judgment docket of the judgment complained· of for $1154.50 against them is arbitrary and oppressive and is without authority of law and that, unless prohibited by this court from so doing, the respondent will attempt to enforce said judgment against relators.

. In response to our preliminary writ, the respondent appeared and, for return thereto, demurred to relators' petition, basing .his demurrer on the following grounds:

"First, the petition does not state facts sufficient to constitute a cause of action.

"Second, the remedy of prohibition is not available under the facts stated in petition.

"Third, that the matter for which the writ of prohibition is sought has become a mere moot case.

"Fourth, that it appears that relator has an ·adequate remedy at law."

The cause therefore stands upon the sufficiency of relators' petition —whether, upon the allegations of their petition, they are entitled to have our preliminary writ in prohibition. The facts .well pleaded in the petition by relators are, upon the demurrer, to be taken as true; and, by such facts, we are bound.

The question for our determination upon the facts pleaded in the petition is one respecting the jurisdiction of the Circuit Court of Henry County and of the respondent as judge thereof. From the. facts alleged in the petition, it· appears that the judgment rendered against the relators in the Circuit Court of Henry County in the case wherein they were plaintiff and Earl E. Swift et al. were defendants, by the respondent as judge of said court, the enforcement of which is sought to be prohibited, was rendered and entry thereof made upon the records of the court at a time when said cause was pending in the Circuit Court of Johnson County, having been transferred thereto on change of venue from the Circuit Court of Henry County. The respondent by his demurrer admits such facts to be true. If true, the respondent had no jurisdiction to enter the judgment. The petition alleges that said cause, while pending in the Circuit Court of Henry County at the September term, 1935, thereof, was, on due application and proceedings therefor, transferred by change of venue to the Circuit Court of Johnson County by order made on September 30, 1935, during said term, and that the judgment, the enforcement of which is sought to be prohibited, was rendered by the respondent as judge of the Circuit Court of Henry County and entry thereof made upon the records of the Circuit Court of Henry County on

November 7, 1935, some seven weeks after said cause had been transferred to the Circuit Court of Johnson County, while said cause was pending in the Circuit Court of Johnson County. Clearly, at such time, the Circuit Court of Henry County and the respondent as judge thereof had no jurisdiction of such cause, the subject-matter, the parties thereto, or any matter incident thereto. Such court and the respondent as judge thereof were, by the order transferring the cause upon change of venue, wholly divested of any jurisdiction of said cause. Upon such change of venue, such cause and the subject-matter thereof, together with all the parties thereto and all matters incident thereto, passed to the jurisdiction of the Circuit Court of Johnson County. [In re Haley, 99 Mo. 150, 12 S. W. 667.] Not a shred of jurisdiction over the cause or any of its incidents remained in the jurisdiction of the Circuit Court of Henry County or under the jurisdiction of the respondent judge.

The writ of prohibition when issued is designed to prevent the exercise of judicial power in any case where there is a want of jurisdiction in the court to exercise such authority (State ex rel. Orr v. Latshaw, 291 Mo. 592, l. c. 599, 237 S. W. 770); and such writ is available under our statutes whenever there is a usurpation of judicial power in any case where the same is applicable according to the principles of law. [Section 1609, R. S. 1929.]

By his demurrers, the respondent does not make any claim that he had jurisdiction to render or enter the judgment sought to be prohibited; nor does he, by such demurrer, make any denial that he was without jurisdiction as alleged in the petition. By his demurrer, he contends that the plaintiffs by their petition have not stated facts sufficient to constitute a cause of action or to entitle them to the aid of our writ. He does not in his brief point out wherein the petition is insufficient or wherein it fails to state a cause of action, nor does he develop any grounds upon which his contention in such regard may be based. The petition does state facts to show that respondent rendered a judgment and caused entry thereof to be made on the records of his court in a cause of which he had at the time no jurisdiction. The petition shows that such judgment so entered was one for costs upon which said judgment the statute requires that execution shall issue forthwith (Section 1269, R. S. 1929) and from which no appeal is provided. [Boyle v. Clarke, 59 Mo. App. 187; Warren v. Vandeveer (Mo. App.), 140 S. W. 639.]

The petition alleges that, unless prohibited by this court, the respondent, as judge of the Circuit Court of Henry County, will enforce such judgment by execution. It being a judgment for costs, he must necessarily enforce it by execution under the statute above noted unless prohibited from so doing.

The respondent, by his demurrer, contends that the remedy by prohibition is not available under the facts stated in the petition and that the matter for which the writ is sought has become a mere moot case. The writ appears to be sought not for the purpose of prohibiting the rendition or entry of a judgment but for the purpose of prohibiting its enforcement by execution. In such case, the matter has not become a mere moot case. True, the remedy by prohibition is not available for the purpose of preventing action which has already been completed or for the purpose of preventing the rendition of a judgment in a cause and the entry thereof on the records after such judgment has been rendered and entered; but that is not this case. Here, the enforcement of the judgment is sought to be prohibited because of lack of jurisdiction in the court in the first instance to render it and in the second instance to enforce it. That the remedy by prohibition is available under such circumstances is well settled. [State ex rel. Ellis v. Elkin, 130 Mo. 90, l. c. 109, 30 S. W. 333; State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695.] As long as the judgment remains unexecuted, further proceedings under it can properly be prohibited.

Respondent also contends in his demurrer that the relators have an adequate remedy at law and are therefore not entitled to our permanent writ of prohibition. Ordinarily, where the court has jurisdiction of the subject-matter of the action and adequate relief from its action can be had by appeal or writ of error, prohibition will not lie to prevent the exercise of such jurisdiction. [State ex rel. Orr v. Latshaw, supra.] In this case, relators have no relief from the judgment rendered against them, by appeal or other adequate remedy at law. It is not a final judgment in this cause. It is an interlocutory judgment for costs, and no appeal is provided by statute therefrom. Moreover, the court and respondent as judge thereof had no jurisdiction to render the judgment. Where such is the case, prohibition is always a proper remedy and is always available. [State ex rel. Orr v. Latshaw, supra; Sec. 1609, R. S. 1929, supra.]

The further suggestion is made that relators have an adequate remedy at law by motion to quash the execution under said judgment when issued and, in the event of adverse action upon such motion, by an appeal therefrom. It is true that the statute does provide such remedy to a debtor against whose property an execution or order of sale has been issued, for the quashal thereof when good cause is shown. [Section 1223, R. S. 1929.] But that is not this case. No execution has yet been issued against relators upon the alleged void judgment. The main object of this proceeding is to prevent the issuance of an execution against relators. If the judgment be void for want of jurisdiction in the court or the judge thereof to render it, as is admitted by the demurrer in this case, there is no good reason shown why the enforcement of such judgment should not be

prohibited and why our writ of prohibition is not available and should not be issued for that purpose.

Where a judgment is considered to be void for want of jurisdiction in the court or a judge to render the same, just why the party against whom the same has been rendered should be required to await the issuance of an execution and involve himself in the expense of a proceeding, which may be long drawn out if not uncertain in its result, to quash such execution rather than take immediate steps to avoid litigation and expense incident thereto by securing the prohibition of its issuance in the first instance is not made to appear by anything presented in the briefs; nor, as a matter of common judgment, can it be made to appear.

It is true that, in some instances, where a party has an adequate, speedy, and efficient remedy at law, the extraordinary writ of prohibition may not necessarily issue.

The rule in such regard appears stated in State ex rel. Ellis v. Elkin, 130 Mo. 90, supra, l. c. 109, where it is said:

"But it is claimed that other remedies are available to check the defendants from proceeding in the matter of removing the county seat. That may be.

"The court will decline to award a prohibition where a party can readily obtain a desired result by other methods of procedure, as was held in Mastin v. Sloan (1889), 98 Mo. 252 (11 S. W. Rep. 558).

"But those methods must be reasonably adequate, prompt, and efficient.

"The granting of a prohibitory writ is discretionary in the sense that the court will not issue it, unless the facts exhibited appear to justify a resort to such a remedy. Where other convenient and effective modes of reaching the same result are open to the complaining party, the court may decline to award the extraordinary remedy. But it is not bound to decline because there may be some concurrent remedy. Whether other modes of relief are equally effective is a question to be determined in each particular exigency.

"And where a state of facts is presented, calling for the use of the writ according to the principles and usages of law, and where no other remedy is available, its allowance is not discretionary, but a matter of right under our constitution. [Art. 2, sec. 10.]"

It is true that relators' petition contains allegations, relating to the excessiveness of the amount of costs charged and to respondent's action in the premises as hasty and oppressive, unnecessary to be stated for the basis of the relief sought. Whether the amount of the judgment was excessive or otherwise or whether respondent's action in the premises was hasty and oppressive or otherwise is immaterial. The question is one of jurisdiction of the court and the respondent as judge thereof to render any judgment at all (right or wrong). Such allegations do not appear to have been made in

any effort to establish a cause of action other than one for prohibition. No attempt to state any other cause of action appears, nor is any other relief sought. While erroneous, such allegations in no way prejudice relators' right, upon other facts alleged by them, to the relief by way of prohibition sought by them.

The respondent urges consideration by us of numerous matters shown in his additional abstract of record which do not appear in the allegations of relators' petition. However, by his demurrer to the petition as his return thereto, he has limited the matters for our consideration to the facts alleged in the petition.

From what has been said, it follows that respondent's demurrer is not well made upon any of the grounds alleged therein and must be overruled and his return adjudged insufficient.

We are of the opinion that, upon the allegations of their petition, the relators are entitled to a permanent writ of prohibition perpetually prohibiting the respondent as judge of the Circuit Court of Henry County from the enforcement, by execution or otherwise, of the judgment for debt and costs in the sum of $1154.50 rendered and entered by him in said court on November 7, 1935, as the judge thereof against the relators in the cause wherein relators were plaintiffs and Earl E. Swift et al. defendants, which cause on said date was not pending in the Circuit Court of Henry County but was pending in the Circuit Court of Johnson County, to which latter court it had been transferred by change of venue from the Circuit Court of Henry County.

It is accordingly ordered that a permanent writ of prohibition issue to the respondent as judge of the Circuit Court of Henry County, in accordance with the views expressed. Permanent writ of prohibition is ordered. All concur.