238 S.W.2d 8 (1951)
GRIGGS
v.
VENERABLE SISTER MARY HELP OF CHRISTIANS.
No. 28261.
St. Louis Court of Appeals, Missouri.
March 20, 1951.
As Modified April 20, 1951.
*11 Cecil Block, St. Louis, for petitioner. E. L. Dowd, Circuit Atty., Gilbert Weiss, St. Louis, for respondent.
HOUSER, Commissioner.
This is an original proceeding under the Habeas Corpus Act commenced by the mother of Ada Mae Griggs, a 13 year old child, seeking her release from the Convent of the Good Shepherd in St. Louis.
Our writ issued on the same day the petition was filed. In due course the child was produced in court, a return to the writ was filed by the respondent Venerable Sister Mary Help of Christians, Superintendent of the Convent, and the petitioner thereafter filed her reply to the return.
The return, which is regarded as the first or principal pleading in habeas corpus, sought to justify the restraint on the basis of a proceeding in the Circuit Court of the City of St. Louis, Juvenile Division, commenced on August 23, 1950 by the filing of a petition signed by the acting probation officer charging that Ada Mae Griggs "is a delinquent child within the meaning of the statutes in such case made and provided" in that she commenced perjury on August 14, 1950 at the June term of the Circuit Court of the City of St. Louis before the Honorable Eugene J. Sartorius, Judge of Division 11, in the trial of a motion in the case of State of Missouri, Plaintiff v. Jeff Crenshaw, Defendant, "the said court then and there having competent authority in that behalf." The petition stated that Ada Mae Griggs was sworn as a witness by an authorized officer of the court, namely, the clerk of the court; that in the trial of the motion it became a material question whether Jeff Crenshaw raped her; that she "feloniously, wilfully, corruptly and falsely" swore that he did not rape her, whereas in truth and in fact Jeff Crenshaw had raped her.
The return further alleged that the juvenile division had jurisdiction over the subject matter and of the person of Ada Mas Griggs; that on September 28, 1950 the cause was submitted to the court upon the pleadings, evidence and proof adduced and that after hearing and considering same the court entered the following judgment:
"Now at this day this cause coming on for hearing comes the defendant, Ada Mae Griggs, in her own proper person and this cause is submitted to the Court upon the petition, evidence and proof adduced, and the Court having heard and duly considered the same, and being fully advised in the premises, doth find the defendant to be a delinquent child within the meaning of that term as defined by the statute relating to delinquent children.
"Wherefore, it is considered, adjudged and decreed by the Court that the defendant *12 be and she is hereby committed to the Convent of Good Shepherd, there to remain until the further order of this Court or until discharged by due process of law; and that the defendant pay the cost of this prosecution for which let execution issue."
The return alleged that pursuant to the judgment a commitment issued as follows, omitting caption:
"Whereas, in a certain suit or proceeding lately before the Juvenile Court in said City of St. Louis, State of Missouri, the alleged delinquency of Ada Mae Griggs was inquired into by said Court and the said Ada Mae Griggs was adjudged a delinquent child of the age of 12 years and
"Whereas, the Court thereupon entered an order, committing the said Ada Mae Griggs to the Convent of Good Shepherd there to remain until discharged by said Juvenile Court, or by due process of law.
"You are hereby commanded to take the body of said Ada Mae Griggs and deliver her to the Superintendent of the said Convent of Good Shepherd there to remain in compliance with the order of said Court, or ______ "And the Superintendent of said Convent of Good Shepherd shall also hold said Ada Mae Griggs subject to the provisions of the law in such cases made and provided.
"And hereof make due service and return as the law directs.
"Given under my hand and seal of the Circuit Court of the City of St. Louis, Missouri, this 28th day of September A.D. 1950
 "Phelim O'Toole
 "Clerk.
 "By Daniel W. Cregan
 "Deputy.
"Received into my custody at the Convent of the Good Shepherd this 28th day of September 1950, the within named Ada Mae Griggs who was delivered to me and by me received, pursuant to the directions of the within writ.
 "Sister Mary Sacred Heart
 "Superintendent."
The return further alleged that the proceedings are regular upon their face; that the judgment and commitment are valid and that respondent's custody of Ada Mae Griggs is legal; and prayed that the writ be quashed and Ada Mae Griggs be remanded to respondent's custody.
Petitioner's reply to the respondent's return alleged that on April 20, 1950 during the April term of the Circuit Court of the City of St. Louis Jeff Crenshaw plead guilty to rape and was sentenced to two years in Missouri State Penitentiary; that no motion for a new trial or motion to withdraw his plea of guilty was filed during the term; that the judgment and sentence became final; that on July 19, 1950 Jeff Crenshaw by his attorney filed a motion to withdraw his plea of guilty and to set aside the judgment of conviction; that on August 22, 1950 Judge Sartorius dismissed Jeff Crenshaw's motion to withdraw his former plea of guilty and to set aside the judgment and conviction "for the reason that the court had no jurisdiction to entertain the said motion"; that Judge Sartorius had no jurisdiction to hear and entertain the motion of Jeff Crenshaw; that no crime could have been committed at the proceedings; that no charge could have been lodged against the child and that the juvenile court had no jurisdiction over the child or over the subject matter since no crime had been committed, and concluded with a prayer for an order of discharge.
Respondent filed no further pleading. The cause was submitted to the court on arguments of counsel and written memoranda. No evidence was taken. Although no stipulation of facts was filed, there was no controversy about the facts. The facts as stated in the return and reply to the return were taken as conceded by counsel for both parties, both in their oral arguments and briefs.
Since a habeas corpus case ordinarily involves a collateral attack on the judgment of a court the inquiry, both by statute and case law, is restricted to a comparatively narrow field. If the petitioner in habeas corpus proceedings is detained by virtue of the final judgment *13 of a competent court of civil jurisdiction the habeas corpus court is obliged forthwith to remand him, R.S.Mo.1949, § 532.410, unless his case falls within one of six categories, R.S.Mo.1949, § 532.430, and in no other situation does the court "have power to inquire into the legality or justice of any process, judgment, decree or order of any court legally constituted." R.S.Mo.1949, § 532.440. The very first section of the Habeas Corpus Act excepts from its beneficent provisions persons who can be "otherwise relieved," R.S.1949, § 532.010, and from the earliest times it has been fundamental that no matter how irregular or erroneous the proceedings occurring prior to or during a legal trial may be, the victim of the mistake cannot employ the writ of habeas corpus for relief, if it does not go to the question of jurisdiction, and if it be such an error as can be corrected by use of the remedy of appeal or writ of error. State ex rel. Walker v. Dobson, 135 Mo. 1, 36 S.W. 238.
The inquiry in the conventional habeas corpus case is confined to jurisdictional issues. State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, loc. cit. 275; Label v. Sullivan, 350 Mo. 286, 165 S.W.2d 639. The court generally is limited to the face of the record, behind which it cannot go in its search for the jurisdictional facts. Ordinarily, if the information is sufficient "to set the judicial mind in motion" and displays an attempt to charge defendant with a crime within the class of crimes over which the trial court has jurisdiction, and if the judgment and commitment are regular, the inquiry ends and the petitioner will be remanded. The judgment of a court of general jurisdiction imports absolute verity, and may not be impeached in a collateral attack by extraneous evidence in an inquiry dehors the record. Sisk v. Wilkinson, 305 Mo. 328, 265 S.W. 536; Young v. Parker, 355 Mo. 245, 195 S.W.2d 743.
In those cases where the lack or excess of jurisdiction or defect of process is patent of record, and is so manifest that utter lack or excess of jurisdiction in the committing court is plainly reflected, as where the information alleges acts which do not constitute any crime known to the law, or where on its face the relief granted or the penalty assessed is unauthorized, or where the statute on which the prosecution is based is unconstitutional, habeas corpus will issue, for the reason that the judgment is void, and a void judgment is subject to collateral attack. McKean v. Kemp, 338 Mo. 597, 92 S.W.2d 141; Ex parte Lerner, 281 Mo. 18, 218 S.W. 331; Ex parte Lucas, 160 Mo. 218, 61 S.W. 218; Ex parte Neet, 157 Mo. 527, 57 S.W. 1025; In re Flukes, 157 Mo. 125, 57 S.W. 545, 51 L.R.A. 176; Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94; State ex rel. Dutton v. Sevier, 336 Mo. 1236, 83 S.W.2d 581.
Measured by these tests, the case at bar would seem to fall into the pattern of cases in which the petitioner is relegated to the remedy of appeal or writ of error. The petition filed by the acting probation officer was good and sufficient in all respects to charge delinquency by reason of perjury. Every necessary constituent element of a perjury charge, including the competency of the court to hear the motion, and the legality of the proceeding wherein the sworn testimony was given, is properly alleged. The judgment and commitment are in due form. The court having had jurisdiction over the person of Ada Mae Griggs, and of the general subject matter, juvenile delinquency, is presumed to have investigated its right to adjudicate these particular facts and to have resolved that inquiry in favor of jurisdiction to hear the case on these facts and to render this particular judgment. Any error the court may have made in such determination ordinarily would be error in the exercise of jurisdiction, and not lack of jurisdiction. Thus the case appears to be a typical case for remand.
This case, however, does not fall within the conventional pattern for the reason that the parties to this litigation by their pleadings, and by the manner in which the case has been presented in the oral argument and briefs, have treated the question of the jurisdiction of Judge Sartorius to *14 hear the motion on August 14, 1950 and the jurisdiction of Judge Nangle to hear the juvenile case under these particular circumstances, as issues to be determined herein.
In Thompson v. Sanders, 334 Mo. 1100, 70 S.W.2d 1051, a convicted murderer sought release on a writ of habeas corpus on the ground that the trial judge overruled proper affidavits for change of venue based on the bias and prejudice of the judge. The respondent warden of the penitentiary pleaded the commitment by the circuit court in justification of the restraint. Petitioner's answer set forth the fact that the disqualifying affidavits were in proper form; that they were filed in due time, and that they divested the trial court of jurisdiction to try the case on the merits. At that juncture, instead of moving for judgment on the pleadings on the ground that error in overruling the affidavits was simply error in the exercise of jurisdiction which could be reached only by appeal or writ of error, and instead of questioning the sufficiency of the answer or seeking to exclude consideration of the affidavits, respondent joined issue on the effect of the affidavits. Respondent's counsel in oral argument conceded that on appeal the conviction would have been reversed because of the action of the trial court in overruling the affidavits. The Supreme Court, in passing on the application for the writ of habeas corpus, held that it was justified in determining the question of the circuit court's jurisdiction because of the manner in which the case was presented, namely, as though the question of the trial court's jurisdiction to hear and determine the case against the petitioner was an issue to be determined. The affidavits were found to be in proper form and timely presented, and the subsequent proceedings were invalidated on the ground that the trial court lost its jurisdiction when the affidavits were filed.
In the case at bar the respondent's return set up the proceedings in the juvenile division as justification for the detention of the child. At common law the return to the writ of habeas corpus was conclusive as to the facts stated therein and its averments could not be controverted. In re Breck, 252 Mo. 302, 158 S.W. 843. By statute, R.S.Mo.1949, § 532.320, the petitioner in his answer to the return "may deny the material facts set forth in the return, or allege any fact to show, either that his detention or imprisonment is unlawful, or that he is entitled to his discharge." Petitioner's reply, admitting that respondent held the child by virtue of the proceedings in the juvenile division, sought to nullify the force and effect of these proceedings by injecting into the case the question of the validity of the previous proceedings at which the false swearing occurred. By this pleading the entire question of the jurisdiction of the court to conduct the hearing in Division 11, and of the juvenile division to adjudicate these particular facts, was raised. Whether the crime of perjury was committed on August 14, 1950 thereby became an issue. Although this new matter was extraneous and involved an inquiry into matters dehors the record, respondent not through any lack of diligence or understanding of the underlying principles of the issues to be presented but because of the peculiar circumstances applicable to this case made no effort to exclude it. No motion to strike, or motion for judgment on the pleadings, was filed. In the oral argument and brief of respondent these facts were admitted.
"Even though a judgment is valid on its face, if the parties admit facts which show that it is void, or if such facts are established without objection, the case is similar to one wherein the judgment is void on its face and is subject to collateral attack." 49 C.J.S., Judgments, § 421, p. 824.
Freeman on Judgments, 5th Ed., Vol. 1, § 375a, p. 788: "* * * The public policy underlying the doctrine of collateral attack is not such as to prevent the interested parties from waiving the protection of the rule limiting collateral inquiries to the face of the record. The rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. And if the parties admit or stipulate, or fail to object to the evidence of, the facts *15 showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law."
In respondent's oral argument and brief the legal effect of these facts is considered, analyzed, and arguments concerning these issues are forcefully presented. Respondent takes the position that the circuit court, Division 11, had jurisdiction to hear the motion of Jeff Crenshaw to withdraw his plea of guilty after the term expired and the conviction became final for the reason that in substance and effect the motion was an application for a writ of error coram nobis and should be so interpreted. Respondent concedes that the term of court had expired; that the judgment was final; that when the motion to withdraw was filed it was too late to file a motion for a new trial. The inference plainly to be drawn from respondent's argument is that if the motion to withdraw is not to be construed as an application for a writ of error coram nobis, the circuit court, Division 11, had no jurisdiction. Respondent attaches to her brief a copy of the motion of Jeff Crenshaw to withdraw his plea of guilty and set aside the judgment of conviction and strenuously argues that the circuit court had jurisdiction to hear this motion, and that the false swearing by Ada Mae Griggs at the hearing constituted perjury.
Considering the breadth and scope of the pleadings thus enlarging the field of inquiry beyond that reviewable in the conventional habeas corpus matter, and in view of the manner in which the case was presented, the court will treat the matter of the jurisdiction of the court to hear the Crenshaw motion, and the jurisdiction of the juvenile division to adjudicate on the particular facts of this case, as issues to be determined. 39 C.J.S., Habeas Corpus, § 97, p. 662; Thompson v. Sanders, supra.
It is conceded that at the time Crenshaw filed his motion the judgment in the rape case was final. No motion for a new trial had been filed. No appeal had been taken. The court term had expired. Crenshaw was in the penitentiary. No motion was pending and undisposed of. No motion had been carried over from the previous term by continuance so as to preserve the jurisdiction of the trial court.
After the expiration of the term at which the judgment and sentence were pronounced the court was without jurisdiction to set them aside. State ex rel. Orr v. Latshaw, 291 Mo. 592, 237 S.W. 770; State v. Williams, 147 Mo. 14, 47 S.W. 891. Under such circumstances the only after-trial, after-term procedure by which the trial court could correct its errors was the remedy of writ of error coram nobis. On proper application and notice this writ could issue to correct an error of fact not appearing on the face of the record which was unknown to the court at the time of the conviction, and which would have prevented the adjudication if it had been presented to the trial court. State ex rel. Orr v. Latshaw, supra.
Although denominated "Defendant's Motion to Withdraw Plea of Guilty and to Set Aside Judgment of Conviction thereon", respondent would have us construe Crenshaw's motion as an application for a writ of error coram nobis, perhaps on the notion expressed by Lamm, J. in Peterson v. Metropolitan St. Ry. Co., 211 Mo. 498, 111 S.W. 37, loc. cit. 43, that "There is nothing in a namethe thing to be got at is the substance," or in the words of The Bard: "What's in a name? That which we call a rose, by any other name would smell as sweet." Romeo and Juliet, Act ii, Scene 2. It alleges: (1) that Crenshaw's plea of guilty was induced by duress because of public indignation; (2) that Crenshaw was mentally and physically ill when the plea was entered; and (3) that he was not guilty, and the complaining witnesses would so testify.
The first ground affords no foundation for the writ. Where the applicant at or before the trial knew of the fact complained of, or by the exercise of reasonable diligence might have known of it, the writ will not issue. State ex rel. Orr v. Latshaw, supra; Jeude v. Sims, 258 Mo. 26, 166 S.W. 1048.
*16 The second ground is insufficient. While insanity is a well recognized ground to invoke the writ, there is a wide difference between an allegation that one is mentally sick and that one is insane. No case has been found determining that "mental illness" or "mental strain" referred to in the motion is a "fact" which would have prevented the adjudication had it been timely presented. While physical illness would constitute good grounds for a continuance, it has been expressly ruled insufficient as a ground for the vacating of a judgment. Davis v. Robinson, 126 Mo.App. 293, 102 S.W. 1048.
The third ground is insufficient. Whether Crenshaw was guilty was the very issue determined at the trial. The writ does not lie to correct an error of fact which was in issue and which was adjudicated, Dusenberg v. Rudolph, supra, or for the presentment of defenses available at the trial. Nor is the writ available on the ground that the complaining parties would testify to applicant's innocence. The motion alleges that the reversal in their testimony occurred after the trial. Newly discovered evidence is no ground for a writ of error coram nobis. Kings Lake Drainage Dist. v. Winkelmeyer, 228 Mo.App. 1102, 62 S.W.2d 1101.
It is clear that the after-trial procedure cannot be interpreted as an application for a writ of error coram nobis so as to invest the circuit court with jurisdiction to hear the testimony of Ada Mae Griggs on August 14, 1950.
Thus bereft of all legal vigor, Crenshaw's motion perishes as a nothing, a nullity, a spurious figment of the legal imagination, a thing unknown to the law. "Out of nothing, nothing can come." Lamm, J. again in Shaffer v. Detie, 191 Mo. 377, 90 S.W. 131, loc. cit. 134. Out of the unauthorized hearing on the unrecognized "motion" nothing could come. Just as a charge of perjury cannot arise out of a false statement in a wheatfield or on a baseball diamond, it likewise cannot arise out of the giving of false testimony at a hearing which is not a legal hearing, even though it occurs in the dignity of a courtroom, in the presence of a circuit judge, and after a duly authorized clerk has gone through the ceremony of swearing a witness to tell the truth, the whole truth and nothing but the truth. All that happened in Division 11 on August 14, 1950 was extra-judicial, null and void. The court had no jurisdiction; no power to hear, to adjudge, or to act on the "motion". There was absolute lack of jurisdiction. No matter how corrupt and false the swearing on that occasion may have been, it was not criminal because in legal contemplation nothing occurred there that day. The proceedings were coram non judice.
Obviously the subsequent proceedings in the juvenile division, founded as they were on this void procedure, were equally null and void, empty and meaningless. Since no crime or perjury occurred or could have occurred the charge that it did occur was ineffective to confer jurisdiction on the trial court. There was in legal contemplation nothing before the juvenile division for adjudication. Jurisdiction was not conferred by the appearance of the defendant and her attorney, nor by their participation in the trial without objection, nor was the requirement of jurisdiction waived by her entering a plea of guilty. The juvenile division did not have jurisdiction to entertain this particular case on these particular facts. Here is complete want or lack of jurisdiction in fact. Here, although the child "is in custody by virtue of process" from a "court legally constituted", and although the process in the juvenile court, from the filing of the information to the issuance of the commitment was "in proper form", the whole process therein was "issued in a case or under circumstances not allowed by law" within the meaning of R.S.Mo.1949, § 532.430.
The judgment of this court should be that Ada Mae Griggs is entitled to be discharged and an order should be made commanding respondent to discharge her forthwith from the custody of the Convent of the Good Shepherd of the City of St. Louis, and the Commissioner so recommends. *17 PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court, and pursuant thereto respondent is commanded to discharge Ada Mae Griggs forthwith from the custody of the Convent of the Good Shepherd of the City of St. Louis.
ANDERSON, P. J., and McCULLEN and BENNICK, JJ., concur.