**CROCKETT v. JOHNSTON, Warden.**

No. 9272.

Circuit Court of Appeals, Ninth Circuit.

Jan. 8, 1940.

William C. Crockett, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus. Appellant's petition for the writ alleged that he pleaded guilty and was sentenced to a term in prison by a United States District Court. He did not appeal. The petition also alleged that petitioner without knowledge of his rights attempted to withdraw his plea of guilty and was arbitrarily refused the right, although the motion to withdraw was made the day after the plea.

█ Attached to the petition and made a part of it is a transcript of what transpired at the time appellant was sentenced. The appellant was there represented by counsel. The transcript shows:

"The Court: Well, you have pleaded guilty to this charge. Do you want to withdraw your plea?

"Defendant Crockett: Well, could it stand as it is for a couple of more days?

"The Court: Why? * * *

"(No answer by the Defendant Crockett).

"The Court: Defendant Crockett, you are sentenced to Serve a term of twenty-five years in such Federal penitentiary as may be designated by the Attorney-General."

The record therefore shows that neither Crockett nor his counsel answered either the judge's question whether Crockett wanted to withdraw his plea or why he desired to have the matter stand over for a couple of days. The petition for the writ shows no motion was ever made for a change of plea and hence no denial of any right of appellant.

Were it not for inartificial allegations in the petition suggesting that the right to withdraw had been arbitrarily and oppres-

sively refused, the denial of the writ could be supported on the ground that even had there been a denial of the motion to withdraw the plea it was error for which appeal was the only remedy. Without deciding that an oppressive denial of the motion to withdraw the plea would warrant the issuance of the writ, we hold that the petition for the writ shows there never was such a motion made.

 In addition to the ground relied upon by the appellant in his petition for the writ, he alleges in his petition for leave to appeal and brief herein that he was coerced and fraudulently induced to enter his plea of guilty. Since this contention was not raised in his petition for the writ it cannot be raised on appeal. Seals v. Johnston, 9 Cir., 95 F.2d 501.

Order affirmed.

Petition for rehearing denied.