**WALEY v. JOHNSTON, Warden.**

No. 9843.

Circuit Court of Appeals, Ninth Circuit.

Dec. 20, 1941.

Rehearing Denied Jan. 7, 1942.

Amendment to Petition for Rehearing Denied Feb. 12, 1942.

Harmon Metz Waley, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus.

On June 19, 1935, appellant, his wife, and one Dainard were indicted, in count one, for transporting in interstate commerce a person who had been kidnapped, in violation of 18 U.S.C.A. § 408a and 408b, and in count two, for conspiring to transport a person, who had been kidnapped, in interstate commerce, in violation of 18 U.S.C.A. § 408c. Appellant pleaded guilty to both counts, being represented by counsel, and was sentenced to imprisonment for 45 years on the first count and 2 years on the second count, the sentences to run concurrently, and he is now imprisoned on Alcatraz Island, pursuant to that sentence.

In his petition for a writ of habeas corpus, appellant alleged that he (1) was being confined for an offense he did not commit in that the kidnapped person was not transported outside the State of Washington, in which state the kidnapping occurred; and (2) was forced to plead guilty because he was threatened with death by agents of the Federal Bureau of Investigation. He further stated in the petition that in July, 1939, he filed in the court where the indictment was presented, a petition for a writ of error coram nobis, and that a copy of the decision on such petition is attached to his petition for a writ of habeas corpus. Attached also to the latter petition is a map purporting to show the route over which the kidnapped person was taken, and also an affidavit of appellant's wife to aid in proof that there was no interstate transportation.

In the decision on the petition for a writ of error coram nobis, which was denied, it was said that appellant's petition therein alleged that " * * * any evidence presented by the Government that George Weyerhauser was outside the State of Washington, is false evidence, made, secured, and presented with the object of maliciously obstructing justice and the petitioner so states in truth, and good faith, and defies the Government if what is stated is not true, to place a charge of perjury against him."— and that he " * * * by threats of violence in the form of death was forced to

make statement, and enter a plea of guilty for a crime he never committed".

The court below made an order directing appellee to show cause why the writ should not issue. Appellee made a return to the order, and attached thereto a copy of the indictment, transcript of proceedings had thereon, and three affidavits—two made by the United States Attorney who prosecuted appellant on the indictment, and one made by a Special Agent of the Federal Bureau of Investigation. The first affidavit of the United States Attorney was to the effect that the kidnapped person was held in custody by appellant for eight days and the second incorporated a part of the transcript of proceedings on the indictment. The affidavit of the Special Agent denied the making of threats alleged by appellant, stated that appellant and his wife traced the route over which they transported the kidnapped person into the State of Idaho, and incorporated two statements made and signed by appellant prior to the return of the indictment, in which statements appellant acknowledged that no threats were made to him, and that the kidnapped person was transported in interstate commerce.

No traverse to the return was made by appellant. On the petition and the transcript of proceedings on the indictment the court below denied the petition on the following grounds: (1) That the allegations of threats were shown to be without substance because appellant also alleged that the threats didn't "bother" him; and (2) the decision on the petition for a writ of coram nobis was res judicata under Robinson v. Johnston, 9 Cir., 118 F.2d 998.

■ Appellant, by his assignments, attempts to raise a number of questions having no basis in the record here, such as error in alleged denial of subpoenas, and such questions will not be considered here.

Appellant contends that there was an issue of fact raised by the petition requiring trial by the court below pursuant to Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; that the court which sentenced him on the indictment had no jurisdiction because there was no interstate transportation, and because his plea of guilty was forced by threats of death.

■ First. Since the indictment alleged that the kidnapped person was not released from custody within seven days from the time of his seizure, jurisdiction in the court which sentenced appellant affirmatively appears (18 U.S.C.A. § 408a), and we think the ground alleged for issuance of the writ because of a lack of interstate transportation was insufficient to warrant granting the writ. Bowen v. Johnston, 306 U.S. 19, 25, 59 S.Ct. 442, 83 L.Ed. 455.

■ Second. Appellant contends that a plea of guilty is a confession, and that a confession obtained by threats of death voids a judgment based thereon under the Fifth Amendment of the Constitution. Brown v. Mississippi, 297 U.S. 278, 56 S. Ct. 461, 80 L.Ed. 682; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Smith v. O'Grady, 312 U.S. 329, 61 S. Ct. 572, 85 L.Ed. 859. The record, however, shows that counsel was appointed for appellant for his defense to the indictment at the court's insistence after his refusal to be represented by counsel, and that after consulting with counsel so appointed, he entered a plea of guilty, and at no time indicated to the court that the statements he made were false or improperly obtained. In addition, he alleges in the present petition for a writ of habeas corpus that at least some alleged threats—there being a dispute as to which of such threats—did not "bother" him.

Under these circumstances, we think and hold that no question of fact was presented to the court below requiring a trial under Walker v. Johnston, supra, because the appellant waived the defense and the constitutional right if any he had, and cannot assert it now on habeas corpus proceedings.

Affirmed.

STEPHENS, Circuit Judge (dissenting).

This appeal presents great difficulties.

In the first place, the threats which appellant avers impelled his plea of guilt were not those to which he refers when he says in his petition " * * * these (threats) didn't bother me.". This incident should therefore be given no consideration.

In the second place, the petition for the writ of coram nobis was never considered on the merits of the factual allegations, but was dismissed by the trial court as beyond its jurisdiction. Res judicata, cannot be premised upon that proceeding. Therefore this incident cannot be taken as disposing of the case.

The majority opinion seems to assume that a constitutional right has been violated or that an existing constitutional right of appellant need not be observed because appellant has waived either the violation or the observation of such right.

It is the very gist of the recent opinion in Walker v. Johnston, 312 U.S. 275, 61 S. Ct. 574, 85 L.Ed. 830, that if a relevant and material issue of fact is presented in the proceedings the court cannot resolve such issue without a hearing. Appellant states, in effect, that his plea was not a truthful or voluntary one but instead was false and was induced by mortal fear engendered by threats of government peace officers. The return denies the threats and it would seem that an issue of fact is here clearly indicated. The issue would be, were the threats made,—were they reasonably likely to cause mortal fear,—did they do so?

If I understand it, the majority opinion holds that since the trial court gave the prisoner at the bar (appellant) every consideration and accorded him every constitutional privilege (and this to the credit of the veteran jurist Hon. Edward E. Cushman), that it was his bounden duty to plead the truth. That if he did not then do so he has waived his right ever after to raise a question as to its verity. If this premise is right then there was no relevant and material issue for the trial court to solve.

I do not deny that there is force in this premise, but I find no authoritative statement in its support. On the other hand, I find courts reluctant to construe acts of one accused of crime as constituting waiver of constitutional rights. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.

I also find the Supreme Court saying in Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392: "A petition for habeas corpus ought not to be scrutinized with technical nicety."—and in Bowen v. Johnston, 306 U.S. 19, 26, 59 S. Ct. 442, 446, 83 L.Ed. 455: "* * * It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."

The alleged threats are monstrous and tax credulity to the breaking point, especially since made by one who confesses to the abhorrent crime of kidnapping and whose right asserted here in nowise lessens the diabolical character of the act. But these black circumstances must have no influence here for our jurisprudence recognizes no outlawry, and as is well said in Walker v. Johnston, supra [61 S.Ct. 579, 85 L.Ed. 830]: "The Government's contention that his [petitioner's] allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence."

I am unwilling to take the course that is so uncertain and which tends toward the limitation of the use of the great writ of freedom.