## CROCKETT v. UNITED STATES.

### No. 9894.

Circuit Court of Appeals, Ninth Circuit.

Jan. 20, 1942.

Rehearing Denied Feb. 16, 1942.

MATHEWS, Circuit Judge, dissenting.

Robert S. Morris, Jr., of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Walter M. Campbell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court denying a motion entitled "The Petitioner's Verified Motion for Correction of Sentence." The pleading is inartificially drawn. Among its prayers it asks as in habeas corpus "that he be forthwith brought before this Honorable Court." In effect, it seeks a habeas corpus proceeding in which petitioner presents issues which also would be considered under a writ coram nobis. See Robinson v. Johnston, 9 Cir., 118 F.2d 998. "A petition for a writ of habeas corpus ought not to be scrutinized with technical nicety. Even if it is insufficient in substance it may be amended in the interest of justice." Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392. Here no amendment is needed to make clear the essence of the claim of wrong done the petitioner or his right to present it in a habeas corpus proceeding. Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859.

The petition claims that a judgment and sentence for twenty-five years' imprisonment for the crime of assaulting a Postmaster with intent to rob, steal and purloin mail matters in violation of 18 U.S.C. § 320, 18 U.S.C.A. § 320, are void (a) because appellant's plea of guilty, made by him, a layman ignorant of the law and without counsel, was induced by an agreement with a Post Office Inspector and the prosecuting attorney that if he plead guilty he would be sentenced to ten years, though the statute made mandatory, on conviction, a sentence of twenty-five years, and (b) because he was deprived of the right to be informed of the nature of the crime charged in the indictment, he having been refused a copy thereof.

The petitioner's pleading incorporated a transcript of the proceedings leading to the sentence. This discloses that he was then represented by counsel. It is not alleged to the contrary and we must assume he knew the nature of his client's claim to set the plea aside. The transcript reads:

"The Court: U. S. vs. William C. Crockett and Robert Taylor, No. 1947 and No. 1950, criminal.

"On the record in this case: A plea of guilty having been entered, sentence of twenty-five years is mandatory under the Federal statutes.

"Mr. Myers [Attorney for appellant]: May it please your Honor, these two men inform me that they would like to withdraw their—

"Defendant Crockett: Judge, your Honor, I would like to ask—

"The Court: If you want to speak to your counsel, go on.

"Mr. Myers. All right, go ahead and explain.

"Defendant Crockett: Judge, your Honor, this is kind of a complicated affair—

"The Court: I can't hear you. Step over around here on this side.

"Defendant Crockett: Your Honor, this is a complicated affair. I dislike to plead guilty—at least to something that I am not guilty of—and I would like to ask to have a few more days' grace.

"The Court: Well, you have pleaded guilty to this charge. Do you want to withdraw your plea?

"Defendant Crockett: Well, could it stand as it is for a couple of more days?

"The Court: Why?.........

"(No answer by Defendant Crockett).

"The Court: Defendant Crockett, you are sentenced to serve a term of twenty-five years in such Federal penitentiary as may be designated by the Attorney-General."

It thus appears that, unlike in Smith v. O'Grady, 312 U.S. 329, 61 S. Ct. 572, 85 L.Ed. 859, before appellant was sentenced he was represented by counsel, and they were given full opportunity to present to the court the alleged agreement with the Postal Inspector and prosecutor and appellant's alleged want of knowledge of the nature of the indictment. Having had such opportunity before sentence to present these alleged facts, appellant's pleading fails to state a cause of action for setting aside the judgment and sentence. Even if appellant had moved therefor within the time to invoke the action of the judge imposing the sentence, the judge's exercise of his discretion in denying the motion would be sustained on appeal. Fogus v. United States, 4 Cir., 34 F.2d 97, 99. A fortiori should his action not be set aside in a collateral proceeding brought four years later. Waley v. Johnston, 9 Cir., 124 F.2d 587, decided December 20, 1941. State ex rel. Orr v. Latshaw, 291 Mo. 592, 237 S.W. 770.

Since the appellant's pleading disclosed no cause of action for the issuance of a writ of habeas corpus or for relief otherwise, it is unnecessary for us to consider other assignments of error in the proceeding below.

Affirmed.

STEPHENS, Circuit Judge (concurring).

Although the petition lacks craftsmanship and is incorrectly labeled "A Motion To Correct A Judgment" there is no mistaking the petitioner's intention. He alleges many times that the judgment upon which he was committed to the penitentiary is void and I think that question was before the trial court. The only correction possible for a void judgment in a criminal case is to set it aside.

Whether the petition is in effect a petition for the issuance of the writ of Habeas Corpus or for the writ of coram

nobis is not of first importance notwithstanding the former is in the nature of a civil proceeding and issues independently of any other proceeding while the latter issues out of a parent proceeding.

In the light of this court's opinions and decisions in Robinson v. Johnston, 9 Cir., 118 F.2d 998; Crockett v. Johnston, 9 Cir., 109 F.2d 444, and Waley v. Johnston, 9 Cir., December 20, 1941, 124 F.2d 587, I concur in the affirmance of the judgment although I do not want to be understood as approving either of them.

MATHEWS, Circuit Judge (dissenting).

On January 6, 1937, in the District Court of the United States for the Southern District of California, appellant was indicted for assaulting a postmaster with intent to rob, steal and purloin mail matter, in violation of § 197 of the Criminal Code, 18 U.S.C.A. § 320. On April 8, 1937, appellant was arraigned, pleaded guilty and was sentenced to be imprisoned for 25 years. The Attorney General designated as the place of appellant's confinement the United States penitentiary at McNeil Island, Washington. Thence, by order of the Attorney General, appellant was removed to the United States penitentiary at Alcatraz, California, at which place appellant has ever since been and is now confined.

On June 22, 1939, appellant petitioned the District Court of the United States for the Northern District of California for a writ of habeas corpus. On June 29, 1939, that court entered an order denying the petition. We affirmed the order on January 8, 1940. Crockett v. Johnston, 9 Cir., 109 F.2d 444.

On June 5, 1941, appellant petitioned the District Court of the United States for the Southern District of California for leave to file a motion in the criminal case—the case in which appellant pleaded guilty and was sentenced on April 8, 1937. Leave was granted and the motion was filed on June 5, 1941. Thereafter the court heard the motion and, on June 20, 1941, made the order from which this appeal is prosecuted.

The first question confronting us is whether we have jurisdiction of the appeal. Though not raised by the parties, the question is here and has to be decided. City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Credit Bureau of San Diego v. Petrasich, 9 Cir., 97 F.2d 65, 67.

By § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), circuit courts of appeals are invested with "appellate jurisdiction to review by appeal final decisions * * * In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court." With inapplicable exceptions,[1] decisions other than final decisions are not reviewable. Hence the question we have to determine is whether the order here appealed from was a final decision within the meaning of § 128(a). To determine this question, we must first consider the motion to which the order related.

The motion was not one to vacate or set aside a judgment. It therefore was not such a motion as, in Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1001, was held to be "in legal effect equivalent to an application for a writ of error coram nobis at common law." We therefore have no occasion either to reaffirm or to overrule the holding in Robinson v. Johnston that "The common-law remedy by such writ has been superseded in the federal courts by motion addressed to the court whose judgment is attacked"—a holding the correctness of which is open to grave doubt.[2]

---

[1] Judicial Code §§ 128(b), 128(c), 129, 28 U.S.C.A. §§ 225(b), 225(c), 227, 227a.

[2] Robinson v. Johnston, supra, cites, as holding that the common-law remedy by writ of error coram nobis has been superseded in the federal courts by motion addressed to the court, United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, and Strang v. United States, 5 Cir., 53 F.2d 820. Strang v. United States does so hold and, as authority therefor, it, too, cites United States v. Mayer. But United States v. Mayer does not so hold. Instead, after noting that, in common-law courts (as distinguished from federal courts), a proceeding by motion is the modern substitute for the writ of error coram nobis, the opinion states (235 U.S. 68, 69, 35 S.Ct. 19, 59 L.Ed. 129): "In view of the statutory and limited jurisdiction of the Federal district courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law; and even if it be assumed that in the case of errors in certain matters of fact, the

The motion was entitled "The petitioner's [appellant's] verified motion for correction of sentence." In the body thereof and in the verification appended thereto, the motion was called a "motion for correction of judgment." Both labels were false. The motion did not ask for the correction of any sentence or judgment. All it asked was that appellant be brought before the court, that counsel be appointed for appellant, that witnesses be subpoenaed, and that the court "bring the case[3] to a conclusion in the same manner as if another stated term of the court had not intervened."[4]

Thus the motion assumed, contrary to the fact, that the case had not been concluded, but was still pending; the fact being that the case was concluded on April 8, 1937, and was not pending on June 5, 1941. The court, however, permitted the motion to be filed, caused appellant to be brought before the court, appointed counsel for appellant, caused witnesses to be subpoenaed, conducted a hearing and, at the conclusion thereof, made the order here appealed from.

The order was that the motion[5] be denied. Actually, however, before entering the order, the court had granted every request made in the motion except the request that the case be brought to a conclusion. That request could not be granted; for, as said before, the case was concluded on April 8, 1937, long before the motion was filed. The judgment of April 8, 1937, was a final decision within the meaning of § 128(a) of the Judicial Code, and was the only final decision in the case. The order of June 20, 1941, here appealed from, was not a final decision and hence was not appealable. We therefore have no jurisdiction of the appeal and ought to dismiss it.

district courts may exercise in criminal cases—as an incident to their powers expressly granted—a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error coram nobis (See Bishop, New Crim. Proc. 2d ed. § 1369), *as to which we express no opinion*, that authority would not reach the present case. * * *" (Emphasis supplied).

Thus, with respect to the question which, in Strang v. United States and Robinson v. Johnston, is decided upon the supposed authority of United States v. Mayer, United States v. Mayer expresses no opinion.

[3] Meaning, obviously, the criminal case— the case in which appellant pleaded guilty and was sentenced on April 8, 1937.

[4] Actually, seven stated terms of the court had intervened.

[5] At one place in its order, the court, by a slip of the tongue, referred to the motion as a "petition for writ of habeas corpus." It is clear that the court was referring to the motion. It could not have referred to a petition for habeas corpus, for there was no such petition. The judge who heard the motion could not have entertained such a petition, if filed, for the place of appellant's imprisonment was not within that judge's territorial jurisdiction. 28 U.S.C.A. § 452.