**Allen JONES, Appellant,**

v.

**B. J. RHAY, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 15765.**

United States Court of Appeals
Ninth Circuit.

April 14, 1958.

Allen Jones, Walla Walla, Wash., appellant, in pro. per.

John J. O'Connell, Atty. Gen., for appellee.

Before STEPHENS, Chief Judge, and DENMAN and BARNES, Circuit Judges.

PER CURIAM.

Jones appeals from a denial by the District Court of the Eastern District of Washington of his application for a writ of habeas corpus seeking to have declared unconstitutional a criminal statute of the State of Washington covering manslaughter for violation of which he pleaded guilty and was sentenced to a term of 20 years. The statute is:

"R.C.W. 9.48.060. Manslaughter. In any case other than those specified in * * * homicide, not being excusable or justifiable, is manslaughter. Manslaughter is punishable by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment."

The statute defining what crimes are felonies and which are misdemeanors follows:

> "R.C.W. 9.01.020. A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which *may be punished* by death or imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor."

Jones' contention of the unconstitutionality of the manslaughter statute is that it leaves to the full discretion of the sentencing court whether the offense is a felony or a misdemeanor. Washington law provides that a felon shall lose certain valuable civil rights such as voting (Washington Constitution art. VI, Sec. 3) whereas one convicted of a misdemeanor does not suffer these losses. The statute is contended to be an unconstitutional delegation of legislative powers and more importantly violative of the equal protection clause of the Fourteenth Amendment since it provides for different treatment for persons similarly situated without a rational justification for dissimilar treatment.

There is no merit in this contention. The state court had no such discretion because under the Washington law, R.C.W. 9.01.020, the crime charged is a felony and not a misdemeanor, being a "crime which *may be* punished by death or imprisonment in the state penitentiary." [Emphasis supplied.] Daloia v. Rhay, 9 Cir., 252 F.2d 768; Olsen v. Delmore, 48 Wash.2d 545, at page 548, 295 P.2d 324, at page 326, where the court stated:

> "Alternative penitentiary or county jail imprisonment or fine is prescribed in the case of manslaughter, R.C.W. 9.48.060, and negligent homicide, R.C.W. 46.56.040. *These crimes are also felonies.*" [Emphasis added.]

The judgment is affirmed.