Eugene Marvin DAVIS, Appellant,

v.

B. J. RHAY, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.

No. 15837.

United States Court of Appeals Ninth Circuit.

May 20, 1958.

618

Eugene Marvin Davis, Walla Walla, Wash., for appellant, in pro. per.

John J. O'Connell, Atty. Gen., Michael R. Alfieri, Asst. Atty. Gen., State of Washington, for appellee.

Before STEPHENS, Chief Judge, and DENMAN and BARNES, Circuit Judges.

PER CURIAM.

Davis appeals from the denial of his application for a writ of habeas corpus to be released from a sentence of imprisonment for second degree assault (assault with a deadly weapon). After pleading not guilty to this charge Davis, represented by counsel, changed his plea in open court to guilty.

One of his contentions is that the Washington statute under which he was convicted is unconstitutional because as interpreted by the court it deprives him of equal protection of the law. This court decided this question adversely to his contention in the recent case of Jones v. Rhay, 254 F.2d 393.

Davis further contends that he was induced to plead guilty because his attorney wrongfully advised him to do so on the representation that he could obtain from the prosecuting atorney a recommendation to the Washington Parole Board that Davis be sentenced for no more than two years on the count of the information charging him with second degree assault and a withdrawal of the other count of the information. This proposal was accepted by the prosecuting attorney and carried out, though in the course of their discussion the prosecutor told Davis' attorney that the Washington State Board of Prison Terms and Parole would pay no attention to any recommendation made by him. The trial judge, pursuant to the state law, imposed the maximum sentence of 10 years for the offense but recommended to the Board that they set the sentence for two years.

The court and the two lawyers were apparently unaware that under the Washington law the minimum sentence for this offense was 7½ years and the Board so fixed the sentence. For the

reasons set forth in the opinion of Judge Driver (Davis v. Rhay, 156 F.Supp. 114), who heard the case below, we affirm his decision that the sentence should not be set aside.

█ Davis in his brief here also contends that his plea of guilty is void because coerced by confinement in an overcrowded and unhealthy jail cell and by a starvation diet. No such allegation is contained in his application for the writ nor are such facts stated in Davis' testimony before Judge Driver.

Judgment is affirmed.