**Henry Dennis STAMPS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22849.**

United States Court of Appeals
Ninth Circuit.

Feb. 6, 1969.

Charles L. Kellar (argued), Las Vegas, Nev., for appellant.

Joseph L. Ward (argued), U. S. Atty., Las Vegas, Nev., for appellee.

Before JERTBERG and CARTER, Circuit Judges, and BYRNE,* District Judge.

JAMES M. CARTER, Circuit Judge.

Following trial to a jury, the appellant was convicted on all counts of a four count indictment. Counts I and II charged a violation of 21 U.S.C. § 174, in that, on or about the 28th day of October 1965, and on or about the 8th day of December 1965, appellant wilfully and knowingly did receive, conceal, sell and facilitate the transportation, concealment and sale of a narcotic drug commonly known as heroin, which he then knew had been imported and brought into the United States contrary to law.

Count III charged a violation of the same section in that on or about the 3rd day of March 1966, appellant wilfully and knowingly did receive, conceal and facilitate the concealment of heroin which the appellant then and there well knew had been imported and brought into the United States contrary to law.

Count IV charged a violation of 18 U.S.C. § 111, in that the appellant wilfully and forcibly did assault an agent of the Bureau of Narcotics, knowing him to be a Federal officer, while he was engaged in the performance of his official duties.

Following conviction, and prior to sentence, appellant moved the district court to enter orders vacating the jury verdict, arrest judgment thereon, grant appellant a new trial as to all counts, and to enter an order for a judgment of acquittal as to Count IV. The motions were denied.

Appellant was sentenced to the custody of the Attorney General for imprisonment for a term of twenty years on each of Counts I, II and III, and for a term of three years on Count IV. The sentences were made to run concurrently with each other and concurrently with certain other sentences previously imposed by the United States District Court for the District of Arizona, and by the Eighth Judicial District Court of the State of Nevada.

Appellant filed a timely notice of appeal from the final judgment of conviction and from the orders of the court denying the motion for judgment of acquittal as to Count IV, and the motion to vacate jury verdict, arrest judgment and for a new trial.

THE QUESTIONS PRESENTED

Appellant's assignment of errors may be summarized as follows:

1. That the district court erred:

(a) in denying appellant's motion to discharge the jury in that "the jury was

* Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

not composed of a cross-section of the community, had no Negroes and as constituted by the selection process utilized, precluded the likelihood of there being any Negroes on the jury;"

(b) in refusing to permit the United States Commissioner to be called by appellant to testify concerning the issuance of the warrant for the arrest of appellant;

(c) in refusing to set aside the jury verdict and to grant appellant's motion for acquittal on the ground that the evidence was insufficient to sustain the verdict; and

(d) in denying appellant's motion for new trial made on the ground that there was received in evidence at the trial, with knowledge on the part of the Government, allegedly perjurious testimony of a Federal narcotics agent.

2. That the Government "was guilty of unlawfully entrapping the appellant and the Court should have granted the defense motion on this subject."

### THE COMPOSITION OF THE JURY (1(a))

Appellant's motion was made for the first time after the jury had been selected and sworn to try the case. At no time was the jury venire, from which the trial jury was selected, ever challenged. No offer of proof was ever made that the venire did not represent a fair cross-section of the community in the District of Nevada, or as to the manner of selection of the venire. There is nothing in the record from which it might be determined that there were no Negroes on the venire. In all of these circumstances we find no error on the part of the district judge in refusing to discharge the jury.

### EXCLUDED TESTIMONY RE THE ARREST WARRANT (1(b))

This assignment relates only to Count III of the indictment which alleges the unlawful possession and concealment by appellant of heroin, on or about the 3rd day of March 1966.

Viewed in the light most favorable to the Government, the circumstances surrounding the arrest of appellant may be summarized as follows:

At approximately 11:15 p. m., on March 3, 1966, a Federal narcotics agent, (hereafter the agent), accompanied by several deputy sheriffs, went to the residence of appellant's mother, where appellant maintained his residence, to effect his arrest. The agent knocked on the door of the residence, identified himself as a Federal officer and stated that he had a warrant for appellant's arrest, whereupon he heard a commotion inside of the residence and heard footsteps going away from the door. The officers kicked the door open and observed appellant running down the hallway. He was observed to go through a doorway, re-appear, and cross the hallway into the bathroom. One of the deputies and the agent followed appellant into the bathroom and observed him flushing the toilet; appellant was pushed aside, into the bathtub, and the officer retrieved five balloons containing heroin; a struggle or fight ensued between appellant and the agent out of which arose the charge set forth in Count IV of the indictment.

Appellant contended on his trial that no warrant for his arrest had been issued at the time of his arrest. He sought to introduce into evidence a warrant of arrest. Upon refusal of the district court to receive the same, he sought to offer the testimony of the United States Commissioner, but was not permitted to do so. The district court's rulings were based on the ground that the warrant of arrest and the testimony of the Commissioner related to matters which could not properly come before, or be considered by, the jury. Appellant made no motion to have the district judge consider such matters at a hearing before him, in the absence of the jury. Admittedly the arresting officers did not have in their possession a warrant for appellant's arrest, but the warrant had been issued.

From the foregoing appellant argues that his arrest was unlawful; that the

search of the home following such arrest, which revealed the concealment and possession of heroin, was likewise unlawful; and that the seized heroin was improperly admitted into evidence at the trial.

We find no error in the rulings of the court. Whether appellant's arrest was lawful was a matter to be determined by the court and not the jury.

█ In passing, we note that the warrant of arrest which appellant offered in evidence is included in the record on appeal. Examination of this warrant reveals, on its face, that it was issued by the United States Commissioner on March 3, 1966, received by the United States Marshal on the same day, and was executed by the arrest of appellant on March 4, 1966. We also note that Rule 4(b) (3) of the Federal Rules of Criminal Procedure provides that:

" * * * The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible."

█ We are satisfied, as was the district judge, that the warrant for appellant's arrest was issued several hours prior to appellant's arrest.

### ALLEGED PERJURY OF GOVERNMENT AGENT (1(d))

Appellant contends that the district court erred in denying appellant's motion to enter orders vacating the jury verdict, grant appellant a new trial, etc., on the ground that there was received in evidence at the trial allegedly perjurious testimony of the agent, of which the Government was aware. The facts involved in this assignment of error may be summarized as follows:

The agent testified that after he had been introduced to the appellant by Farres Blann, a narcotics informer, he purchased heroin from appellant on October 28, 1965, and on December 8, 1965, from which purchases arose the charges set forth in Counts I and II, respectively, of the indictment. The agent was the only witness produced by the Government who testified to these purchases. No other witness produced by the Government testified that he witnessed the deliveries of the heroin to the agent by the appellant, or the payments of the purchase price by the agent to appellant in the form of marked currency. No witness testified that the marked currency had been recovered from the appellant.

On demand of appellant's counsel, the Government furnished to him a copy of a typewritten statement furnished by the agent to his superiors, which typewritten statement is marked Defendant's Exhibit "C". The statement is purported to have been made by Blann, the informer above mentioned, to the agent in the presence of one R. E. Kelley, a member of the Clark County Sheriff's office, relative to the circumstances of the introduction of the agent to the appellant by Blann, which introduction lead to the alleged purchase of heroin by the agent from appellant on October 28, 1965. The copy bears the written name of Blann, and the written names of the agent and Kelley as witnesses.

At the trial under cross-examination by appellant's counsel, the agent testified that all names on the copy of the statement were written by him, and not signed by Blann or Kelley. He further testified in response to the question by the court that the individuals whose names appear on the Exhibit had signed the original.

At the hearing in the district court on appellant's post conviction motions for new trial etc., Kelley testified he was present when Blann, the informer, made a statement to the agent. Upon examining Exhibit C he stated he had not signed it nor had he seen Blann sign Exhibit C or any similar document. The agent testified that when the original was presented to Blann he refused to sign it and that he therefore threw the original away as useless. When asked by the district judge to respond why he had testified at the trial that Blann and Kelley signed the original of Exhibit C, the witness replied "that he had no explanation and could give none."

During the trial the jury sent a note to the judge pointing out that there was no witness to the transaction between the agent and the appellant and inquired whether they were to believe the agent's testimony over Stamps, the appellant. The court properly instructed the jury that the testimony of one witness was sufficient for a conviction, but that if they had a reasonable doubt as to whether the sale in Count I and II took place, they must acquit the appellant. The instructions were satisfactory to both counsel and no objections were taken.

Thus the convictions on Counts I and II rested on the testimony of the agent and a serious question was presented to the trial court as to whether or not the agent had perjured himself, in the trial testimony. The district court denied the motion for new trial without an opinion or memorandum. He made no findings on the matter of the purported perjury of the agent. His denial of the motion can be construed to be an implied finding of mistake but not perjury.

Exhibit C was not part of the Government's case, and did not relate to the actual sale of the narcotics, but related only to a statement prepared by the agent setting forth the agent's version of the circumstances under which he was introduced to the appellant by the informer. Informers do not like to give written statements and as might be expected, this one refused to sign it. The agent then thought it was useless, and "threw it away." The copy came into the case only on cross examination after it was demanded by the appellant and produced by the United States attorney. It is apparent that neither the agent nor any of the government's counsel or other agents anticipated that it had any relevancy or that it would enter the case.

■ It might well be argued that even if perjury had been committed, which the trial court did not find, it was perjury concerning an immaterial issue. In addition, since we affirm on Counts III and IV we could affirm on Counts I and II since the sentences were concurrent.

Chavez v. United States, 381 F.2d 937 (9 Cir. 1967) and cases cited in note 4.

■ However, in view of the closeness of the issue as to Counts I and II, hinging on the credibility of the agent, and in view of the inquiry by the jury, we think a new trial should have been granted on those counts.

### SUFFICIENCY OF THE EVIDENCE (1(c))

■ Appellant contends that the evidence is insufficient to sustain the jury's verdict. Since we have concluded that the appellant is entitled to a new trial on Counts I and II of the indictment, we need only consider this assignment of error in respect to Counts III and IV of the indictment. These counts are not infected with the error we found in the preceding paragraph in respect to Counts I and II. The agent's testimony relative to these Counts was fully corroborated by the testimony of other witnesses who testified on behalf of the Government, and convictions on these Counts do not rest only upon the testimony of the agent. We must view the evidence as to these Counts, and the reasonable inferences which may be drawn therefrom, in the light most favorable to the Government. Conflicts in the evidence are for resolution by the jury, as are determinations of credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). When so viewed, we are satisfied that the evidence was amply sufficient for the jury to have found, beyond a reasonable doubt, that appellant was guilty of the offenses set forth in Counts III and IV of the indictment.

### ALLEGED UNLAWFUL ENTRAPMENT (2)

We find no merit in the assignment of error set forth in 2 above, claiming that appellant was "unlawfully entrapped." Except for the specification, we find not a single word in appellant's brief on the subject of entrapment. No argument appears in the brief on the

subject. We find that the court instructed the jury on the subject of entrapment. We further note that appellant offered no objection to the giving of such instructions on the subject.

The judgments of conviction of appellant on Counts I and II of the indictment are vacated and the cause is remanded to the district court for a new trial on said Counts. The judgments of conviction of appellant on Counts III and IV are affirmed.