Henry Dennis STAMPS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25334.

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1971.

**1060**

Henry Dennis Stamps, in pro. per.

Bart M. Schouweiler, U.S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

Stamps appeals from the denial, without an evidentiary hearing, of his application under 28 U.S.C. § 2255 for relief from his conviction, under 21 U.S.C. § 174, for possession of heroin. He argues that the heroin introduced at his trial was the fruit of an illegal search and seizure.

We have reviewed the record, including our court's decision in Stamps v. United States, 406 F.2d 925 (9th Cir. 1969), which affirmed, on direct appeal, the conviction herein attacked. From that review, we have concluded that the District Court properly exercised its discretion in rejecting, "on the basis of the motion, files, and records," Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), Stamps' Fourth Amendment claims. See Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822, 833 (1966) (Wright, J., dissenting).

The challenged search was made in connection with a lawful arrest, an arrest warrant having been issued. The arresting officers gave notice of their authority and purpose when they appeared at the house in which Stamps was arrested. Only after hearing a commotion within and footsteps sounding to the officers as if one were running away from the door, did the officers break open the door and make their entry. Stamps v. United States, *supra*, 406 F.2d at 929. There having been adequate reason to believe that permission to enter had been denied, reasonable force to effect the entry was permissible. 18 U.S.C. § 3109; Sabbath v. United States, 391 U.S. 585, 588–589, 88 S. Ct. 1755, 20 L.Ed.2d 828 (1967); Miller v. United States, 357 U.S. 301, 306, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); McClure v. United States, 332 F.2d 19 (9th Cir.1964).

The scope of the search was not overly broad. Since it occurred in 1966, the nonretroactive standards of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), do not ap-

ply. Williams v. United States, 418 F.2d 159 (9th Cir.1969), cert. granted, 397 U.S. 986, 90 S.Ct. 1120, 25 L.Ed.2d 394 (1970).[1] According to his allegations, Stamps was arrested in the bedroom of his mother's house, and the evidence in question was discovered in the bathroom, directly across the hall. Under the pre-*Chimel* totality of the circumstances test, such a search was reasonable. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 84 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Williams v. United States, *supra*.

■ We cannot entertain Stamps' motion, made for the first time on this appeal, that we remand the cause for an evidentiary hearing on the issue of whether the jury panel was properly constituted. That issue was not raised in the District Court. Suggs v. Wilson, 403 F.2d 52 (9th Cir.1968); Davis v. Rhay, 256 F.2d 617 (9th Cir.1958); Watkins v. Duffy, 197 F.2d 816 (9th Cir.1952); Crockett v. Johnston, 109 F.2d 444 (9th Cir.), cert. denied, 310 U.S. 626, 60 S.Ct. 975, 84 L.Ed. 1397 (1940).

Affirmed.

---

1. Should the Supreme Court ultimately decide that *Chimel* is to be retroactively applied, there would of course be no bar to Stamps reinstituting his claim in a new petition. The Supreme Court heard argument in *Williams* on October 21, 1970.