**Gilbert VALDEZ, Appellant,**

v.

**PEOPLE OF the STATE OF CALI-
FORNIA, Appellee.**

**No. 26032.**

United States Court of Appeals,
Ninth Circuit.

March 19, 1971.

Gilbert Valdez, in pro per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Robert F. Katz, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges and SOLOMON *, District Judge.

PER CURIAM:

Gilbert Valdez (petitioner) appeals from the District Court's summary denial of his habeas corpus petition. We reverse.

Petitioner was convicted in the Los Angeles Superior Court of first degree robbery and kidnapping with the purpose of robbery. He appealed his convictions to the California District Court of Appeal, which first reversed, People v. Valdez, 65 Cal.Rptr. 356 (2d District 1968), but on rehearing affirmed the convictions in an unreported opinion.

Petitioner then filed his pro se habeas corpus petition in forma pauperis in the United States District Court. He alleges that the search of his apartment was illegal because there was no probable cause for his arrest and because the police entered his apartment unannounced and without his consent. He further alleges that the police had no authority to search and seize articles from the garage adjacent to the apartment house over his objection. If valid, petitioner's contentions would require exclusion of much of the evidence introduced at his state trial. Mapp v. Ohio, 367 U. S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The District Court denied the petition without an evidentiary hearing and without a transcript of the state court proceedings. It relied solely on the state appellate court's conclusions without reviewing the record for their evidentiary basis. The District Court was therefore unable to determine that "the state-court trier of fact has * * * reliably found the relevant facts," as required by Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). Maxwell v. Eyman, 429 F.2d 502 (9th Cir. 1970).

We are also concerned that the search of the garage may have exceeded the permissible area of a search incident to arrest. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), decided after the District Court rendered its opinion here. See also, Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968).

Reversed and remanded. On remand, we suggest that the Court appoint counsel for the petitioner.

---

* Honorable Gus J. Solomon, Chief Judge, United States District Court for the District of Oregon, sitting by designation.