John M. **LITTLE**, Petitioner-Appellant,

v.

B. J. **RHAY**, Superintendent, Washington State Penitentiary, Walla Walla, Washington, Respondent-Appellee.

No. 26622.

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

John M. Little, in pro. per.

Slade Gorton, Atty. Gen., Olympia, Wash., for respondent-appellee.

Before MERRILL, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

Little appeals from the denial, without an evidentiary hearing, of his application for a writ of habeas corpus. Convicted of aiding and abetting the possession of narcotics, Little argues that the heroin introduced at his trial was the fruit of an illegal search and seizure.

The availability of a full record of the state hearing on the motion to suppress and the lack of a substantial dispute as to the evidentiary facts render an evidentiary hearing unnecessary. 28 U.S.C. § 2254(d); Townsend v. Sain, 372 U.S. 293, 314, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Rainsberger v. Fogliani, 380 F.2d 783, 785 (9th Cir. 1967).

Little argues that the use of an ex parte affidavit signed by the arresting officers in a prior habeas proceeding before the Supreme Court of Washington abridged his right of confrontation. Whatever the merits of that view, the alleged error did not infect the District Court's independent review of the state record because the district judge declined to consider the supplemental affidavit.

The rule of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), does not apply to this 1959 search. See Williams v. United States, 397 U.S. 986, 90 S.Ct. 1120, 25 L.Ed. 2d 394 (April 5, 1971). The search of Little's apartment, incident to the arrest of a codefendant therein, was limited to one shelf in a passage between the kitchen and living room. The arresting officer had observed the codefendant withdrawing his hand from the shelf, and the search took place substantially simultaneously with the arrest. We do not understand Little to argue that the officer had no probable cause to arrest the codefendant at the time the officer

entered the apartment. Under the pre-*Chimel* totality of the circumstances test, the warrantless search here was reasonable. *See* Stamps v. United States, 436 F.2d 1059 (9th Cir. 1971); Williams v. United States, 418 F.2d 159 (9th Cir. 1969), aff'd 397 U.S. 986, 90 S.Ct. 1120, 25 L.Ed.2d 394 (April 5, 1971).

Affirmed.