**Francis Hamilton GRISWOLD, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 25930.**

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1971.

Rehearing Denied Jan. 10, 1972.

Choy, J., dissented.

Paul Ulrich (argued), of Lewis & Roca, Phoenix, Ariz., for appellant.

William P. Dixon, Asst. Atty. Gen. (argued), Gary K. Nelson, Carl Waag, Asst. Attys. Gen., Phoenix, Ariz., for appellee.

· Before KILKENNY and CHOY, Circuit Judges, and BYRNE, SR., District Judge.*

KILKENNY, Circuit Judge:

Griswold appeals from the denial of his petition for a writ of habeas corpus. On March 18, 1966, he plead guilty to a charge of second-degree murder, reduced from the prior charge of murder in the first degree. His sentence was affirmed by the Arizona Supreme Court. State v. Griswold, 101 Ariz. 577, 422 P.2d 693 (1967).

In April, 1968, appellant filed a petition for a writ of *coram nobis* in the Arizona Supreme Court. The court issued the writ and directed the superior court of Apache County to hold a hearing and decide two issues: (1) whether Griswold fully understood his rights and the consequences of his plea of guilty at the time it was entered, and (2) whether Griswold voluntarily entered his plea of guilty to the crime of second-degree murder. The lower court held a full-fledged evidentiary hearing, made findings on the issues presented and returned them to the supreme court. Upon review of the entire record, the supreme court ratified the findings of the lower court, quashed the writ of *coram nobis* and affirmed the conviction. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). Since the state court's decisions outline the facts, we need not here restate them.

ISSUES

(1) Whether Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), should be applied retroactively to govern appellant's plea of guilty?

(2) Whether the district court erred in refusing appellant an evidentiary hearing?

■ (1) Issue number one has been resolved against appellant. Spencer v. Eyman, 439 F.2d 1136 (9th Cir.1971); Benn v. Eyman, 436 F.2d 1074 (9th Cir. 1971); and Moss v. Craven, 427 F.2d 139 (9th Cir.1970), *cf.* Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

■■ (2) The district court had before it the entire state record. We, too, have independently examined that record, including the two decisions of the supreme court of Arizona, as required by Valdez v. State of California, 439 F.2d 1405, 1406 (9th Cir.1971) and Selz v. State of California, 423 F.2d 702, 703 (9th Cir.1970). Where, as here, the

---

* The Honorable William M. Byrne, Senior, United States District Judge for the Central District of California, sitting by designation.

full record is available and an independent review is made by the trial court, an evidentiary hearing is not usually necessary. Little v. Rhay, 439 F.2d 765 (9th Cir.1971). In these circumstances, we are required to utilize the provisions of 28 U.S.C. § 2254(d), which provide, with some exceptions, for the presumptive correctness of factual determinations made by the state courts. Our independent review of the state court records leads us to the conclusion that appellant has not brought himself within any one of the mentioned exceptions.

█ Although the state court's findings should not serve as a model in future litigation, the entire state court record, including the decisions of the Arizona Supreme Court, fully supports the conclusion and ultimate judgment that appellant (1) understood his rights and the consequences of his plea of guilty at the time it was entered, and (2) voluntarily entered a plea of guilty to the crime of second-degree murder.[1]

Moreover, we are unable to find a significant distinction between the facts here presented and those before the Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). True enough, the trial judge in *Alford* held a hearing before accepting the guilty plea. On the other hand, *Alford* at the time of entering his plea disclaimed all guilt and indicated he was pleading guilty only under the threat of the death penalty. There, the Supreme Court held that an accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, and affirmatively asserts his innocence, when, as here, he intelligently concludes that his best interests require a guilty plea, rather than going to trial.

Judgment affirmed.

CHOY, Circuit Judge (dissenting):

I respectfully dissent.

The voluntariness of Griswold's guilty plea was the sole subject of an evidentiary hearing, conducted after the Arizona Supreme Court issued a writ of coram nobis. In my opinion, the lower state court's findings, which were affirmed by the state's supreme court, are not entitled to the presumption of correctness provided by 28 U.S.C. § 2254(d). At least two of the exceptions to the raising of this presumption are applicable here.

If "the material facts were not adequately developed at the State court hearing," the findings are not presumed to be correct. 28 U.S.C. § 2254(d) (3). Griswold has long alleged certain facts that were not adequately developed at the coram nobis hearing.

Griswold, who was sixty-three years old at the time, was in poor health and in need of medical attention during the five month period from his arrest to the entry of his guilty plea. According to his petition, he was denied medical attention by the prosecutor, with the remark, "I hope he dies[;] it will save the State a lot of money."

Although the lower court made a finding of fact to the effect "That Mr. Gris-

---

1. At the conclusion of the hearing, the state trial judge said: " * * * To me the Defendant in this case was extrmely [sic] aware of what was going on. He said at one time 'I read Section 13'; he knew the penalty, he was extremely aware of the death penalty, and he fully understood the rights and consequences of the plea of guilty. He said himself at the time he entered his plea he took all of these things into consideration; he was represented by thoroughly competent counsel, he weighed his chances and came to a decision, and rather than take the chance of the death penalty he did enter a plea of guilty to second degree murder. I have heard nothing in his testimony, the Petitioner's testimony, that would indicate otherwise.

The second question, did the Defendant voluntarily enter a plea: He said he did, that in view of all of the things no one made any promise, he never said they did, except it would be second degree. So on those grounds the court is going to deny the motion."

wold had a cardiac condition, ulcers and was hard of hearing during the pendency of his case, and that his health deteriorated during the time he was in jail," the court did not investigate the claim that the role played by the prosecutor brought about this "deterioration." This is plainly a fact "material" to the voluntariness of Griswold's guilty plea.

Nor did the court develop other facts relating to the conduct of the prosecutor. Griswold's funds and property were confiscated at the direction of the prosecutor, who refused to allow the assets to be used to pay defense counsel. The prosecutor filed a list of approximately seventy potential witnesses, most of whom spoke only Navajo. Two days before the date set for trial, the prosecutor reduced the number to twenty-eight.*

These factual allegations are "material" to the voluntariness of Griswold's plea. If they are true, they make out a convincing case that the prosecutor coerced the plea by using an array of heavy indirect pressures on Griswold and his counsel. Yet, the prosecutor was not called to testify in the coram nobis evidentiary hearing.

My review of the record leads me to conclude that the state court's "factual determination is not fairly supported by the record." 28 U.S.C. § 2254(d) (8). In addition to the above factors, it is significant that Griswold's two defense attorneys pressured him for an additional $5,000, just four days before the date set for trial. I think the Arizona Supreme Court's finding that this did not affect the voluntariness of Griswold's plea (State v. Griswold, 105 Ariz. 1, 5, 457 P.2d 331, 334 (1969)) is not borne out by the whole record.

In sum, there were inadequacies in the state hearing of such magnitude that the district court should have held an evidentiary hearing. I would reverse and remand.

---

* Defense counsel's motion for a continuance was denied. As a result, he stated in court just before the guilty plea was entered that the defense was not prepared for trial.